# CONRAD REITZE v. MEADVILLE & L. RY. CO.

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD
COUNTY.

Argued May 2, 1889—Decided May 13, 1889.

While on an appeal from the judgment of a justice of the peace the trial in the Court of Common Pleas is de novo, yet the cause of action must remain the same; when, therefore, an action against a railroad company before a justice of the peace, was trespass for killing a horse, and on appeal it was changed to assumpsit for breach of a contract to erect and maintain a fence, it was not error to enter judgment of compulsory nonsuit.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 375 January Term 1889, Sup. Ct.; court below, No. 60 November Term 1886, C. P.

To the number and term of the court below, the defendant

appealed from the judgment of a justice of the peace for the sum of $110, in favor of Conrad Reitze against the Meadville & Linesville Railway Co.

On January 27, 1887, the plaintiff filed a declaration charging trespass for the killing of a horse. Plea, not guilty. The cause was called for trial on March 4, 1887, when the plaintiff had leave to file an amended declaration in the common counts, preceded by a special count, which was as follows:

" And whereupon said plaintiff, by C. M. Boush, his attorney, complains that whereas the said defendant, on the sixth day of July A. D. 1886, in the county aforesaid, was indebted to the said plaintiff in the sum of $150 for the value of one horse, the property of the said plaintiff, which was killed and damaged by the said defendant. By reason whereof, and by force of the statutes in such cases made and provided, the said defendant became chargeable to pay to the said plaintiff the aforesaid sum of money."

To this declaration, the defendant pleaded non-assumpsit, and alleging surprise, the cause was continued.

On May 29, 1888, the cause was again called for trial, when the plaintiff had leave to file a second amended declaration, which was as follows:

" The defendant was summoned to answer the plaintiff, Conrad Reitze, in a plea that the said defendant agreed to keep and maintain a certain fence along and upon the land of the said plaintiff in said county, and the railway of said defendant, for the mutual protection of the said plaintiff and the said defendant, but notwithstanding said agreement and promises on the part of the said defendant, yet the said defendant hath not kept the same, but utterly failed and neglected so to do, to the great damage of the said plaintiff, to wit: to the damage of the said plaintiff two hundred and fifty dollars."

The plaintiff then introduced testimony to prove the cause of action set out in the last amended declaration, when on motion of the defendant, the court, HENDERSON, P. J., entered judgment of nonsuit, filing an opinion which in part was as follows:

It must be apparent from an examination of the original claim and the declarations which have been filed in this case,

Opinion of Court below.

that the complaint of the plaintiff and his cause of action, as he brought it before the justice of the peace, was for the loss of the horse killed by the defendant company, and that the claim for damages against the railroad company, on an alleged agreement to keep and maintain a fence along the road, is a change of the ground upon which the plaintiff originally commenced this suit.

It has been the law of this commonwealth, certainly since the case of Moore v. Wait, 1 Binn. 219, that while proceedings are de novo in the Court of Common Pleas, on an appeal from a justice of the peace, that the cause of action must remain the same; that the plaintiff cannot shift his ground as to his cause of action. It seems, therefore, to the court, that it is not competent in this case, now, on the last count filed, to proceed to the trial of a question growing out of an alleged contract to maintain a fence along the right of way of the defendant company through the land of the plaintiff in this action, which was commenced before a justice of the peace for the killing of a horse. A justice of the peace has not jurisdiction, in this state, of a cause of action growing out of neglect of the defendant company in injuring or killing his property along the track. An action for such a cause must be maintained in the Court of Common Pleas.

It might be properly said by the court, that if the plaintiff had a right of action growing out of a contract, still the killing of a horse would not be an element of the measure of damages. If the defendant company were bound to keep up plaintiff's fence, the plaintiff could not sit by and permit his property to stray on to the railroad company's property, and sue for their value from time to time, as they were killed. The plaintiff has the right to compel the defendant to keep up the fence or to keep it up himself, upon default of the defendant so to maintain, and to make the defendant liable for whatever the cost was, if he has any right. The killing of a horse by the cars of the defendant, is not one of the elements entering into the damage to which the plaintiff would be entitled, for maintaining the fence along the right of way.

Judgment of nonsuit having been entered, with leave, etc., a rule to show cause why the judgment should not be vacated

was subsequently discharged, when the plaintiff took this writ, assigning as errors the order entering the judgment of nonsuit and the order discharging the rule to show cause why the judgment should not be vacated.

*Mr. Thomas Roddy*, for the plaintiff in error.

*Mr. Joshua Douglass* (with him *Mr. H. L. Richmond*), for the defendant in error.

PER CURIAM:

This action was commenced before a justice of the peace. It was brought to recover damages against the defendant company for killing a horse. Upon appeal to the Common Pleas it expanded into a breach of contract for not maintaining a fence along the right of way or road of the company. While it is true that, upon an appeal from the judgment of a justice of the peace, the case is tried de novo, it is also true the cause of action must remain the same. This has been the law since Moore v. Wait, 1 Binn. 219. The judgment of nonsuit was properly entered.

Affirmed.