Commonwealth *v.* Haushalter, Appellant.

Submitted September 30, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*William E. Duffield,* for appellant.

*Thomas P. Ruane, Jr.,* First Assistant District Attorney, and *John R. Hoye,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Eagen, November 15, 1966:

Phillip Haushalter, Jr., awaiting trial in the courts of Fayette County on indictments charging burglary, assault and battery, assault and battery with intent to rob, armed robbery, and robbery with violence, filed an appeal in this Court from an order in the court below denying a motion for a change of venue. The appeal was improvidently filed. Jurisdiction of a direct appeal from an order or judgment in all proceedings in the courts of quarter sessions of the peace, oyer and terminer and general jail delivery of this Commonwealth is in the Superior Court, except those of felonious homicide and cases involving the right to a public office. See, Act of August 14, 1963, P. L. 819, §§1 and 2, 17 P.S. §§182 and 191.4. More importantly, the order involved is interlocutory and not appealable.

An interlocutory order is not appealable unless expressly made so by statute: *Commonwealth v. Byrd*, 421 Pa. 513, 219 A. 2d 293 (1966) ; *Commonwealth ex rel. Fisher v. Stitzel*, 418 Pa. 356, 211 A. 2d 457 (1965) ; *Commonwealth v. O'Brien*, 389 Pa. 109, 132 A. 2d 265 (1957). Likewise, as a general rule the defendant in a criminal case may appeal only from the judgment of sentence: *Commonwealth v. Pollick*, 420 Pa. 61, 215 A. 2d 904 (1966), and *Commonwealth v. Wright*, 383 Pa. 532, 119 A. 2d 492 (1956). While this rule is not inflexible and will yield in cases involving certain exceptional circumstances (see, *Commonwealth v. Kilgallen*, 379 Pa. 315, 108 A. 2d 780 (1954), and *Commonwealth v. Byrd*, supra), this is not such a case.

Appeal quashed.

Mr. Justice Cohen took no part in the consideration or decision of this case.