Commonwealth *v.* Sacarakis, Appellant.

Argued April 27, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gus Milides,* with him *Clayton T. Hyman, Irving Wilson Coleman,* and *Coleman & Hyman,* for appellant.

*Elwood M. Malos,* First Assistant District Attorney, with him *Bernard V. O'Hare, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, May 24, 1967:

This is an appeal from the Order of the Court of Quarter Sessions of Northampton County, denying a motion for a change of venue. Anthony Sacarakis was charged with bribery, corrupt solicitation and violation of the Pennsylvania Liquor Code. On February 6, 1967, he filed a rule to show cause why a change of venue should not be granted. On February 21, 1967, the lower Court, without holding a hearing, denied the motion. Sacarakis thereafter filed an appeal to this Court from the Order which dismissed his motion for a change of venue.

This Court has recently held that an Order denying a motion for a change of venue is a nonappealable interlocutory Order and an appeal therefrom must be quashed: *Commonwealth v. Haushalter,* 423 Pa. 351, 223 A. 2d 726. In that case, the Court said (page 352):

"More importantly, the order involved is interlocutory and not appealable.

"An interlocutory order is not appealable unless expressly made so by statute: Commonwealth v. Byrd, 421 Pa. 513, 219 A. 2d 293 (1966); Commonwealth ex rel. Fisher v. Stitzel, 418 Pa. 356, 211 A. 2d 457 (1965); Commonwealth v. O'Brien, 389 Pa. 109, 132 A. 2d 263 (1957). Likewise, as a general rule the *defendant*[*] in a criminal case may appeal only from the judgment of sentence: Commonwealth v. Pollick, 420 Pa. 61, 215 A. 2d 904 (1966), and Commonwealth v. Wright, 383 Pa. 532, 119 A. 2d 492 (1956). While this rule is not inflexible and will yield in cases involving certain exceptional circumstances (see, Commonwealth v. Kilgallen, 379 Pa. 315, 108 A. 2d 780 (1954), and Commonwealth v. Byrd, supra), this is not such a case."

Appeal quashed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[*] Italics, ours.