## Commonwealth *v.* Sites, Appellant.

Argued April 22, 1968. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

116

*H. Rank Bickel, Jr.,* with him *Edward H. Miller,* for appellant.

*George E. Christianson,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, May 21, 1968:
Defendant was convicted by a jury in Lebanon County of murder in the first degree and the punishment was fixed at life imprisonment. On appeal to this Court, we reversed the Judgment of the lower Court and ordered a new trial on the ground that the defendant was not fully apprised of his right to counsel as prescribed by *Miranda v. Arizona,* 384 U.S. 436.

After remand to the lower Court, the defendant filed an application for a change of venue, alleging that the extensive publicity given his case made it impossible for him to have a fair trial in Lebanon County. On February 7, 1968, a hearing was held on his application for a change of venue, and on February 13, 1968, the lower Court issued an Order denying the application for the change of venue. From this Order defendant took this appeal.

This Court has repeatedly held that an Order denying a motion for a change of venue is, in the absence of exceptional circumstances, a nonappealable, interlocutory Order and an appeal therefrom must be quashed. In *Commonwealth v. Sacarakis,* 425 Pa. 439, 229 A. 2d 743, this Court, quoting from *Commonwealth v. Haushalter,* 423 Pa. 351, 223 A. 2d 726, said (page 441): " 'An interlocutory order is not appealable unless expressly made so by statute: Commonwealth v. Byrd, 421 Pa. 513, 219 A. 2d 293 (1966); Commonwealth ex rel. Fisher v. Stitzel, 418 Pa. 356, 211 A. 2d

457 (1965); Commonwealth v. O'Brien, 389 Pa. 109, 132 A. 2d 263 (1957). Likewise, as a general rule the *defendant** in a criminal case may appeal only from the judgment of sentence: Commonwealth v. Pollick, 420 Pa. 61, 215 A. 2d 904 (1966), and Commonwealth v. Wright, 383 Pa. 532, 119 A. 2d 492 (1956). While this rule is not inflexible and will yield in cases involving certain exceptional circumstances (see, Commonwealth v. Kilgallen, 379 Pa. 315, 108 A. 2d 780 (1954), and Commonwealth v. Byrd, supra), this is not such a case.' "

We find no exceptional circumstances and no abuse of discretion in the present case.

Appeal quashed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.

---

* Italics in original Opinion.