Commonwealth *v.* Pushkarsh, Appellant.

Argued March 16, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Myron W. Warman,* with him *Warman & Warman,* for appellant.

*P. Hook,* Assistant District Attorney, with him *Joseph E. Kovach,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 20, 1972:

After an altercation between John Pushkarsh (appellant) and one Michael Pizzichetti, each filed complaints against the other charging assault and battery before different magistrates. A hearing on appellant's complaint was conducted and Pizzichetti was bound over for action by the grand jury. Prior to any hearing on Pizzichetti's cross-complaint, appellant filed an "application to enjoin further proceedings" in the Court of Common Pleas of Fayette County. After argument, the court below refused to enjoin the proceedings on Pizzichetti's complaint before the second magistrate and this appeal followed.

Since this criminal matter is not directly appealable to this Court, Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, §202, 17 P.S. §211.202 (Supp. 1971), and no petition for plenary jurisdiction was filed, the matter is transferred under §503(b) of the Appellate Court Jurisdiction Act to the Superior Court, which has jurisdiction under §302 of said Act. There is no merit to appellant's argument that jurisdiction is conferred upon this Court by Article V, §10(a) and (c) of the Constitution of this Commonwealth. In this manner we do not reach the ques-

tions of whether the instant appeal is interlocutory and, if so, whether "exceptional circumstances" exist which justify appellate review. *See, e.g., Com. v. Heckathorn,* 423 Pa. 626, 225 A. 2d 227 (1967) ; *Com. v. Haushalter,* 423 Pa. 351, 223 A. 2d 726 (1966).

The appeal is transferred to the Superior Court.