414 A.2d 712

**In re Gary GORHAM.**

**Appeal of Vivian GORHAM.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1978.

Filed Nov. 30, 1979.

---

146 ·

Deborah Harris, Philadelphia, for appellant.

David Mullins, Philadelphia, for Child Advocate, appellee.

Mary Rose Cunningham, Assistant City Solicitor, Philadelphia, for City of Philadelphia, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

We find that this appeal from a dispositional order in a deprived child proceeding under the Juvenile Act[1] was untimely, and must be quashed. The record shows that the court below temporarily transferred custody of appellant's son to appellant's older daughter on October 13, 1977. On January 5, 1978 a hearing was held at which appellant, represented by her attorney, was given the opportunity to present evidence and cross-examine the Commonwealth's

1. Act of December 6, 1972, P.L. 1464, No. 333, § 1 *et seq.*, 11 P.S. § 50–101 *et seq.* (Supp.1978–79), *effective* February·4, 1973, *superseded by* 42 Pa.C.S. § 6301 *et seq., effective* June 27, 1978.

witnesses. At the end of the hearing, the trial judge informed appellant's attorney that he was making the temporary custody order final. A final order transferring custody was entered by the court below on its docket that day.

On February 8, 1978 appellant both filed in the court below and caused to be docketed in this court a notice of appeal from the order of January 5, 1978.[2] The notice of appeal was untimely if it was not filed in the lower court within 30 days of the entry of the order appealed from. Pa.R.A.P. 903(a). We must determine the date of entry under Pennsylvania Rule of Appellate Procedure 108(a),[3] which states:

**2.** The original copy of the notice of appeal filed in the lower court stated that appellant "hereby appeals to the Superior Court of Pennsylvania from the Orders entered in this matter on January 5, 1978, November 21, 1977, October 13, 1977 and June 1, 1976." On the copy which appellant transmitted to this court for docketing, Pa.R.A.P. 907(a) (version before Last Minute Amendment, effective September 30, 1979, 9 Pa.Bull. 1740, 1742), references to orders other than that of January 5, 1978, were deleted. Pennsylvania Rule of Appellate Procedure 902 provides in pertinent part: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is grounds only for such actions as the appellate court deems appropriate, which may include dismissal of the appeal." We need not determine what we would deem appropriate action for what appears to be an abandonment of the appeal from the earlier orders, since it is clear that the notice of appeal which was untimely as to the order of January 5, 1978 was necessarily untimely as to the earlier orders. Our quashing of this appeal extends to the earlier orders as well.

**3.** Effective September 30, 1979, Pennsylvania Rule of Appellate Procedure 108(a) was redesignated Rule 108(a)(1), without any substantive change in wording. 9 Pa.Bull. 1740; 1979 Pamphlet, Last Minute Amendments to Pennsylvania Court Rules, Pa.R.A.P. 108(a)(1). New subsection (a)(2) is inapplicable to this case, because it only concerns "a determination of a government unit other than a court." Section (b) of Rule 108 is also inapplicable, because a juvenile proceeding is not "a matter subject to the Pennsylvania Rules of Civil Procedure." Deprived and dependent child cases under the Juvenile Act, *supra*, note 1, were governed not by the Rules of Civil Procedure, but by the comprehensive set of procedures in the Act itself. This remains true under the Act's successor statute, Chapter 63 of the Judicial Code, 42 Pa.C.S. § 6301 *et seq.* Section (c) (Emergency appeals), the only remaining section of Rule 108, is clearly inapplicable to this case.

"General rule. Except as otherwise provided in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk or office of the government unit makes such copies public. The day of entry of an order may be the day of its adoption by the court or other government unit, or any subsequent day, as required by the actual circumstances."

As in *Commonwealth v. Dorman,* 272 Pa.Super. 149, 414 A.2d 713, (1979), we have no way of determining from the record before us any of the three possibilities—date of mailing copies of the order, date of delivery of copies, and date of making copies public—provided for in the first sentence of Rule 108(a). We therefore determine date of entry "as otherwise provided in this rule," i. e., by the second sentence of Rule 108(a) ("The day of entry of an order may be the day of its adoption by the court or other government unit, or any subsequent day, as required by the actual circumstances."). We hold that the date of entry of the order in this case was January 5, 1978. On that day, the lower court both informed appellant's attorney that the temporary custody order was made final, and also entered that final order on its docket, making it appealable from that date. Pa.R.A.P. 301(a). *See Commonwealth v. Dorman, supra.*

Since the date of entry of the order was January 5, 1978, appellant's notice of appeal filed 34 days later on February 8, 1978 was untimely. Pa.R.A.P. 903(a). Timely filing of the notice of appeal is essential to the validity of the appeal. Pa.R.A.P. 902. An appellate court may not extend the time for filing a notice of appeal. Pa.R.A.P. 105(b).

Appeal quashed.