435 A.2d 1298

**COMMONWEALTH of Pennsylvania,**

v.

**Joseph A. NUGENT, Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed Oct. 16, 1981.

David Weinstein, Philadelphia, for appellant.

August T. Groover, Media, for Commonwealth, appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

In a hearing before a district justice, appellant was convicted of driving a vehicle exceeding gross maximum weight. 75 Pa.C.S. § 4941(a). The district justice fined appellant $29,500 under the statutory formula. 75 Pa.C.S. § 4945(a). On de novo appeal to common pleas court, the trial judge stated at the conclusion of trial that he found appellant guilty and would dismiss the appeal. An order was entered stating: "Demur [sic] overruled. Appeal dis-

missed. Mr. Weinstein [defense counsel] to hand up Order for supersedeas. Mr. Groover [prosecutor] copying exhibits and will return originals." This appeal from that order must be quashed, because there has been no entry of an appealable order.[1]

In *Commonwealth v. Myers*, 457 Pa. 317, 319, 322 A.2d 131, 132 (1974), our Supreme Court, reiterated the long standing rule, stating: "It is unquestionably the law that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory."[2] The Court has since created certain exceptions, both by case law and rule,[3] but no exception is applicable here.

It is apparent from the opinion of the trial judge that he believed the effect of his "dismissal" of the appeal was to "affirm" the sentence imposed by the district justice, leaving

1. We have noted with increasing concern the large number of appeals in recent years which this court has been required to quash because of lack of finality in the decision under appeal. This is especially surprising because the rule is of common law origin, based on a "well settled rule of English practice" under which "no writ of error could be brought except on final judgment," *McLish v. Roff*, 141 U.S. 661, 665, 12 S.Ct. 118, 119, 35 L.Ed. 893 (1891), and long perpetuated in the appellate practice in this Commonwealth. *See, e. g.*, 42 Pa.C.S. §§ 722, 742, 762 and predecessor statutes; *cf.* Comment, Appealability and Finality in the Third Circuit—Is the United States Supreme Court More Appealing Than the Third Circuit?, 25 Vill.L.Rev. 884 (1980).

2. *Accord, Commonwealth v. Sites*, 430 Pa. 115, 117, 242 A.2d 220, 221 (1968); *Commonwealth v. Pollick*, 420 Pa. 61, 62–63, 215 A.2d 904, 905 (1966); *Commonwealth v. Wright*, 383 Pa. 532, 535, 119 A.2d 492, 493 (1956), *rehearing den'd; see also Commonwealth v. Laudenslager*, 260 Pa.Super. 395, 398, 394 A.2d 985, 987 (1978).

3. Case law, for example, has made appealable a pretrial order refusing to bar retrial on double jeopardy grounds. *See Commonwealth v. Haefner*, 473 Pa. 154, 156 & n. 3, 373 A.2d 1094, 1095 & n. 3 (1977). New rules for appellate review of such orders have been proposed in Recommendation No. 14 of the Advisory Committee on Appellate Rules. 11 Pa.Bull. 1441–42 (1981).

An example of an exception by rule is Pennsylvania Rule of Appellate Procedure 311(a)(5), substantially reenacting former Rule 311(b), effective April 22, 1979. 8 Pa.Bull. 3636, 3637 (1978). *See Commonwealth v. Liddick*, 471 Pa. 523, 527, n. 2, 370 A.2d 729, 731, n. 2(1977); *see also Commonwealth v. Laudenslager, supra*, note 2.

it intact. However, although statutes refer to the hearing which took place in the common pleas court below as an "appeal," 42 Pa.C.S. § 932, it is not like an ordinary appeal to an appellate court.[4] When a new matter previously determined by a district justice or magistrate[5] is heard in common pleas court under statutes such as 42 Pa.C.S. § 932 and its predecessors, the criminal charge or civil cause of action remains the same, but all proceedings on the charge or cause of action are de novo. *E. g., Commonwealth v. Congdon,* 74 Pa.Super. 286, 288–89 (1920); *cf. Reitze v. Meadville & Linesville Railway Co.,* 126 Pa. 437, 440, 17 A. 663 (1889); *see generally* 2 W. Sadler, Criminal Procedure in Pennsylvania, § 856 (2d [G. Henry] ed. 1937). The "appeal" to common pleas court is actually a retrial of the case as if the prior summary proceeding had not occurred. *Commonwealth v. Koch,* 288 Pa.Super. 290, 293 & n. 3, 431 A.2d 1052, 1054 & n. 3 (1981).

As this court stated in *Commonwealth v. Brann,* 78 Pa.Super. 345, 348 (1922): "It was not the function of the court to affirm or reverse the magistrate. It was the duty of the court to try the case de novo, to hear the evidence and the arguments of counsel, and thereupon to enter such judgment as would be warranted under the law and the evidence." The case before us is not quite the same as *Brann* and

4. Common pleas court, to which the "appeal" is taken under 42 Pa.C.S. § 932, is not an "appellate court," as defined in 42 Pa.C.S. § 102.

5. Older cases refer to members of the minor judiciary as magistrates, justices of the peace, and other terms used in various statutes in the history of the Commonwealth. "District justice" is now the only technically correct term, under section 3(d) of the Judiciary Act Repealer Act (JARA), which provides:

> An express reference in any statute or other law to a justice of the peace or to the office of justice of the peace shall hereafter be deemed a reference to a district justice or to the office of district justice. Any person appointed or elected to judicial office in a magisterial district shall be known as and hereafter shall be commissioned as the "district justice" in and for the appropriate district.

Act of April 28, 1978, P.L. 202, No. 53, § 3(d), 42 P.S. § 20003(d).

similar cases,[6] in which this court reversed and remanded for a de novo hearing in common pleas court, because that court had simply entered an order sustaining or dismissing the appeal from the magistrate. Here the court below did conduct a de novo hearing and make a new determination of guilt, but failed only to take two remaining steps. First, the court should have informed appellant that he had the right to file post-verdict motions within ten days, and that any issues not raised in those motions would be waived on appeal. Pa.R.Crim.P. 1123(c).[7] Second, if the motions were denied, or if motions were neither filed nor made orally under Rule 1123(b), the court should then have proceeded to make its own determination of the appropriate sentence, and entered that judgment of sentence on its docket.

Only the second step, entry of the judgment of sentence,[8] is essential to appealability. As we stated in *Commonwealth*

**6.** *See Commonwealth v. Lodge No. 148 Loyal Order of Moose*, 188 Pa.Super. 531, 539 n.5, 149 A.2d 565, 570 n.5 (1959) (collecting cases).

**7.** Effective July 1, 1981, our Supreme Court made several amendments to the Comment to Pennsylvania Rule of Criminal Procedure 1123, including the addition of the following at the end: "This rule is intended to require post-verdict motions in the court of common pleas at a de novo trial in a summary case." 11 Pa.Bull. 1643, 1645 (1981). Since no amendment to the text of the rule was made when the Comment was amended, the apparent purpose of amending the Comment was to make it clear that the Rule 1123 procedure had always been intended to apply to de novo trial of summary cases in the courts of common pleas. The day after the effective date of the Comment amendment, this court en banc held that Rule 1123 applies in summary cases, but did not hold the issues waived on that basis because of the trial court's failure to inform the defendant, in accordance with Rule 1123(c), of the need to raise issues in post-verdict motions to preserve them for appeal. *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981).

**8.** While the distinction is not critical here, it should be noted that this second step is itself a two-step process, involving not merely imposition of sentence, but also entry on the docket. "Entry of judgment is a prerequisite to our exercise of jurisdiction." *Slaseman v. Myers*, 285 Pa.Super. 167, 168, 427 A.2d 165, 166 (1981), *rearg. den'd*; *see* Pa.R.A.P. 301(a); *see also Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 265–66, 419 A.2d 763, 764 (1980); *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 103–04, 419 A.2d 115, 116 (1980); *Commonwealth v. Dorman*, 272 Pa.Super. 149, 152–53 & 155–56, 414

*v. Tilman*, 273 Pa.Super. 416, 418 n.4, 417 A.2d 717, 718 n.4 (1980): "Appellant should not have been sentenced until after post-verdict motions. Comments, Pa.R.Crim.P. 1123, 1405; *Commonwealth v. Webster*, 466 Pa. 314, 317–18, 353 A.2d 372, 373 (1975). While procedurally incorrect, however, this sentence was a final order reduced to judgment, and therefore appealable. Pa.R.A.P. 301(a)." [9] While the lack of post-verdict motions is not fatal to the appeal before us, the lack of an appealable order is.[10] The appeal must therefore

A.2d 713, 715 & 717 (1979); *In re Gorham*, 272 Pa.Super. 145, 148, 414 A.2d 712, 713 (1979); *but see* Recommendation No. 11 of the Advisory Committee on Appellate Court Rules, proposed amendment to Pennsylvania Rule of Appellate Procedure 905 (adding, in pertinent part, the following: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."), 10 Pa.Bull. 2865 (1980). In the case before us, there was not just a failure to enter sentence, but a failure to impose sentence in the first place.

**9.** The Comment to Pennsylvania Rule of Criminal Procedure 1123 (as amended, effective July 1, 1981, 11 Pa.Bull. 1643, 1645 (1981)), begins:

Post-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which ordinarily includes sentence. See Judicial Code, 42 Pa.C.S. §§ 722, 742, 5105(a). See also *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

Other than the Judicial Code references replacing the Appellate Court Jurisdiction Act sections which they superseded, the only changes in that portion of the Comment were addition of the word "ordinarily" and citation to *Bolden* to recognize exceptions like those mentioned at note 3, *supra*. The effect of *Bolden* is discussed in *Commonwealth v. Haefner, supra*, note 3.

**10.** Since the court below did not enter a final judgment of sentence, there is no question here of whether issues not raised in post-verdict motions are waived on appeal when the lower court enters final judgment immediately after the verdict. This question was also avoided in *Commonwealth v. Tilman*, 273 Pa.Super. 416, 418, 417 A.2d 717, 718 (1980), because there, even though judgment of sentence was entered immediately after the verdict, the defendant timely filed both post-verdict motions and an appeal from the judgment of sentence.

be quashed.[11]

Appeal quashed.

PRICE, J., did not participate in the consideration or decision of this case.

11. We note that the Advisory Committee on Appellate Court Rules has in its Recommendation No. 15 promulgated a proposed Rule of Appellate Procedure 1971 (Automatic Remand of Nonappealable Matters) which, if adopted, would require a different disposition. The text of proposed Rule 1971 is:

(a) *General rule.* If a timely appeal is improvidently taken from an order, this alone shall not be a ground for dismissal, but the matter shall be remanded to the trial court for further proceedings under this rule.

(b) *Fresh order.* If the time for seeking a relief in the trial court from the improvidently appealed order has expired, the court following remand under Subdivision (a) of this rule shall enter a fresh order and shall permit any party to raise any objection to the order which might have been asserted against the order as originally entered.

(c) *Abuse of process.* An appellate court upon its own motion or upon application may, by order, direct that a fresh order shall not be entered in the trial court under this rule, or that the trial court in its discretion may decline to enter a fresh order, if, in either event, it appears that the improvident appeal was an abuse of the process of the court.

11 Pa.Bull. 1442 (1981). The commentary accompanying the proposal states, "The Committee has made no decision that such a rule is necessary, and recognizes that there may be undesirable consequences to the introduction of the proposed procedure which could minimize or possibly outweigh its intended benefits." *Id.* It would appear that the rule is unnecessary in this case, because the court below must allow appellant to file post-verdict motions out of time, since he was not informed of his rights under Rule 1123(c) at the time of the verdict. *Commonwealth v. Marrero,* 478 Pa. 97, 101, 385 A.2d 1331, 1334 (1978); *Commonwealth v. Koch, supra,* note 7.