445 A.2d 112

COMMONWEALTH of Pennsylvania

v.

Joseph M. GREY, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 3, 1982.

Filed April 23, 1982.

Joseph Grey, appellant, in pro. per.

Nancy Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

PER CURIAM:

The appellant was adjudged guilty by the Philadelphia Traffic Court of a violation of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 101 et seq. and sentenced to pay a fine of twenty-five dollars plus fifteen dollars cost. At the conclusion of a *de novo* hearing held on June 10, 1981, the distinguished Common Pleas Judge Charles Durham found the defendant guilty at which time the proceeding was terminated. On July 6, 1981, appellant filed notice of appeal to this Court.

Our study of the record in this case leads us to conclude that there is no merit to any of the contentions of the appellant. We would, therefore, affirm the decision of the Common Pleas Court. However, we must instead quash the appeal and remand to the Common Pleas Court since there was no final appealable order entered in the court below. Pa.R.A.P. 301, 341.

The hearing judge, at the conclusion of the *de novo* hearing upon the summary violation, did find the appellant guilty of the motor vehicle violation with which he was charged but the record does not reflect that the further required procedures were accomplished. First, the hearing judge must inform the defendant of his rights under Pa.R. Crim.P. 1123 and then, if the motions referred to in Rule 1123 are denied or are not made, the hearing judge must proceed to impose sentence and provide for the entry of the judgment of sentence upon the docket. *Commonwealth v. Nugent*, 291 Pa.Super. 421, 425, 435 A.2d 1298, 1300 (1981).

We regret we are compelled to this action since we share the view expressed by President Judge William F. Cercone in *Commonwealth v. Koch*, 288 Pa.Super. 290, 296, 431 A.2d

1052, 1055 (1981), that "the filing of post-verdict motions can further burden the already overworked judges of the Courts of Common Pleas who handle such 'statutory appeals' in terms of judicial time and energy." Whatever that burden, however, the recent clarification by our Supreme Court of Pa.R.Crim.P. 1123 makes clear we are bound to strictly enforce the Rule.[1]

The appeal is quashed and the case remanded for proceedings consistent with this opinion.

1. Our Supreme Court, in its Revised Comment of April 24, 1981 upon Rule 1123, effective July 1, 1981, declared: "This rule is intended to require post-verdict motions in the Court of Common Pleas at a de novo trial in a summary case." 11 Pa.Bull. 1643, 1645 (1981). See *Commonwealth v. Nugent, supra*, 291 Pa.Superior Ct. at 425 n. 7, 435 A.2d at 1300 n. 7. As the eminent Judge Abraham H. Lipez observed in a footnote to his careful and thorough opinion in *Nugent, supra*, "[s]ince no amendment to the text of the rule was made when the comment was amended, the apparent purpose of amending the comment was to make it clear that the Rule 1123 procedure had always been intended to apply to de novo trial[s] of summary cases in the Courts of Common Pleas." *Id.*