448 A.2d 634

**COMMONWEALTH of Pennsylvania**

v.

**Russell J. BONARRIGO, II, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed July 23, 1982.

David R. Gold, Greensburg, for appellant.

William John Martin, Assistant District Attorney, Indiana, for Commonwealth, appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

PER CURIAM:

Appellant was found guilty of speeding [1] at a trial de novo following his conviction before a magistrate. He was sentenced to pay costs and a fine of ninety-five dollars. This appeal followed.

After a review of the record, we are led to the conclusion that this sentence must be vacated and the case remanded to the lower court.

The trial judge found Appellant guilty at the conclusion of the de novo trial and immediately imposed sentence. However, Appellant was not informed of his right to file written posttrial motions, as per Pa.R.Crim.P. 1123. *See Commonwealth v. Grey*, 298 Pa.Super. 525, 445 A.2d 112 (1982); *Commonwealth v. Nugent*, 291 Pa.Super. 421, 435 A.2d 1298 (1981). We have recently held that Rule 1123 applies to summary violations. *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981).

As stated by the court in *Commonwealth v. Grey*, 298 Pa.Super. at 526–27, 445 A.2d at 113:

We regret we are compelled to this action since we share the view expressed by President Judge William F. Cercone in *Commonwealth v. Koch*, 288 Pa.Super. 290, 296, 431 A.2d 1052, 1055 (1981), that "the filing of post-verdict motions can further burden the already overworked

1. 75 Pa.C.S.A. § 3362(a)(2).

judges of the Courts of Common Pleas who handle such 'statutory appeals' in terms of judicial time and energy."

The Order and judgment of sentence dated September 5, 1980 are vacated and the case remanded for proceedings consistent with this opinion.