452 A.2d 822

**COMMONWEALTH of Pennsylvania**

v.

**Randolph W. ALBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted May 25, 1982.

Filed Nov. 19, 1982.

Joseph Scott O'Keefe, Norristown, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

BROSKY, Judge:

This appeal arises from the defendant's summary offense conviction June 30, 1981 at a trial de novo in the Common Pleas Court of Philadelphia for violating Section 3102 of the Pennsylvania Motor Vehicle Code.

First, the defendant alleges that his conviction is invalid because he was charged with violating one section of the code, Section 3102, but was actually convicted of violating another provision of the code, Section 6308. Second, the defendant alleges that there was insufficient evidence to support his conviction.

For the following reasons, we quash this appeal instead of addressing the above issues on their merits.

■ The general rule is that "a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory." *Commonwealth v. Myers,* 457 Pa. 317, 319, 322 A.2d 131, 132 (1974); *Commonwealth v. Nugent,* 291 Pa.Super. 421, 423, 435 A.2d 1298, 1299 (1981).

As we pointed out in a recent case, entry of the judgment of sentence is a two-step process involving both imposition of sentence and entry on the docket. *Commonwealth v. Nugent,* supra, 291 Pa.Super. at 425 n. 8, 435 A.2d at 1300 n. 8.

In the case at bar, it is apparent that only the second step was taken.

■ A docket entry dated June 30, 1981 indicates that the defendant was adjudged guilty and was to pay $44 in fines and costs. However, nothing in the record shows that the trial judge sentenced the defendant in court or executed an order for judgment of sentence. Therefore, no judgment of sentence has been entered, no final order has been issued, and we are without jurisdiction to hear this appeal.

■ Furthermore, if we possessed the jurisdiction to hear this case, we would remand because of the court below's failure to instruct the defendant on his right to file post-verdict motions under Pennsylvania Rule of Criminal Procedure 1123(c).

That rule states:

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of the right to file post-verdict motions of the right to the assistance of counsel in the filing of such motions and on appeal of any

issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.

The Comment to Rule 1123 is explicit that "[p]ost-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which ordinarily includes sentence."

Confusion about whether or not Rule 1123 applies to de novo trials in summary cases was recently resolved by the revision of the Comment to Rule 1123 by the Supreme Court, and by our decision in *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981).

The revised Comment states, "This rule is intended to require post-verdict motions in the court of common pleas after a finding of guilt at a de novo trial in a summary case." In *Koch,* our court reached the identical conclusion.

Therefore, the defendant must be given a chance to file post-verdict motions under Rule 1123 before sentencing occurs.

Appeal quashed.