Therefore, the Commonwealth's appeal in the instant case must be dismissed.

456 A.2d 217

**COMMONWEALTH of Pennsylvania**

v.

**Edward J. CARNEY, III, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1982.

Filed Feb. 11, 1983.

A. Niccolo, Devon, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing appellant's appeal from a conviction of failing to return to the scene of a motor vehicle accident. 75 Pa.C.S.A. § 3743 (1977) (summary offense). *See generally* Pa.R.Crim.P. 67 (Appeals from Summary Judgments). Because the order is not final, we quash the appeal.

■ It is well-settled that an appeal from an order dismissing an appeal from a conviction in a summary proceeding will lie only if judgment of sentence has been entered. *Commonwealth v. Nugent*, 291 Pa.Super. 421, 435 A.2d 1298 (1981). Since judgment of sentence has not been entered in this case, we must quash the appeal.

■ Appellant did not file post-verdict motions in accordance with Pa.R.Crim.P. 1123(c). However, in view of the fact that the lower court did not advise appellant on the record of his right to file such motions, our order quashing the appeal is without prejudice to appellant's right to file post-verdict motions *nunc pro tunc*.

The appeal is quashed.[1]

1. When we suggested at oral argument that it appeared that the appeal might have to be quashed, counsel for appellant argued that since, in his view, the evidence was plainly insufficient, it would save time if we were to consider the appeal on its merits. Counsel may be right about insufficiency, but even if he is, that fact does not confer jurisdiction on us to consider the appeal on its merits.