# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
                                :
           v.                   : No. 890 C.D. 2021
                                : Argued: September 12, 2022
Eugene Stilp,                  :
                                :
                Appellant    :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: October 18, 2022

Eugene Stilp (Stilp) appeals the order of the Schuylkill County Court of Common Pleas (trial court) adjudging him guilty of one count each of the summary offenses of violating Section 189-37(A) of the City of Pottsville's (City) Solid Waste Code,[1] and Section 5503(a)(4) of the Crimes Code, 18 Pa. C.S. §5503(a)(4).[2] We quash the appeal.

---

[1] Section 189-37(A) of the Solid Waste Code states:

> Burning prohibited. The burning of solid waste, recyclable materials, yard waste and construction debris within the [City] is hereby prohibited.

[2] Section 5503(a)(4) states, in relevant part:

**(Footnote continued on next page…)**

On August 13, 2020, Officer Jonathan Randolph of the City's Police Department issued a citation charging Stilp with violating Section 189-37(A) of the Solid Waste Code after he witnessed Stilp burn flags without a permit at the top of the steps between the Schuylkill County Courthouse and the Schuylkill County Prison. Officer Randolph issued a separate citation charging Stilp with violating Section 5503(a)(4) of the Crimes Code. *See* Original Record (OR) Docket Entry #4. On November 25, 2020, Stilp pleaded guilty to violating Section 189-37(A) of the Solid Waste Code at a hearing before Magisterial District Judge (MDJ) James Reiley, and MDJ Reiley adjudged Stilp guilty of violating Section 5503(a)(4) of the Crimes Code. *See id.* MDJ Reiley imposed fines, costs, and restitution totaling $1,313.50 on both of the convictions. *See id.* On December 18, 2020, Stilp filed a statutory appeal of the convictions in the trial court. *See id.* Docket Entry #1.

On May 5, 2021, the trial court conducted one hearing for both of the statutory appeals.[3] At the conclusion of the hearing, the trial court announced in

---

> **(a) Offense defined.--**A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> \* \* \*
>
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

[3] Pennsylvania Rule of Criminal Procedure 462 states, in pertinent part:

> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

**(Footnote continued on next page…)**

* * *

(G) The verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial.

(*H*) *At the time of sentencing, the trial judge shall*:

(1) if the defendant's sentence includes restitution, a fine, or costs, state:

> (a) the amount of the fine and the obligation to pay costs;
>
> (b) the amount of restitution ordered, including
>
>> (i) the identity of the payee(s),
>>
>> (ii) to whom the restitution payment shall be made, and
>>
>> (iii) whether any restitution has been paid and in what amount; and
>
> (c) the date on which payment is due.

If the defendant is without the financial means to pay the amount in a single remittance, the trial judge may provide for installment payments and shall state the date on which each installment is due;

(2) advise the defendant of the right to appeal to the Superior Court within 30 days of the imposition of sentence, and that, if an appeal is filed, the execution of sentence will be stayed and the trial judge may set bail; [and]

* * *

(*4*) *issue a written order imposing sentence, signed by the trial judge. The order shall include the information specified in paragraphs (H)(1) through (H)(3), and a copy of the order shall be given to the defendant.*

(*I*) *After sentence is imposed by the trial judge, the case shall remain in the court of common pleas for the execution of sentence,*

**(Footnote continued on next page…)**

3

open court that it adjudged Stilp guilty of the crimes, and "impose[d] the same fines and costs as [MDJ Reiley]." N.T. 5/5/21[4] at 4.[5] However, the written **ORDER/SENTENCE - SUMMARY OFFENSE** issued by the trial court on that day only entered a guilty verdict for each of the charges, and did not impose a written judgment of sentence in any amount on either conviction. *See* OR Docket Entry #11. On May 10, 2021, an itemized list of fines, costs, and restitution totaling $1,313.50 was entered on the docket of the statutory appeal in the trial court. *See* OR Docket Entry #13 at 6-7. On June 3, 2021, Stilp filed a notice of appeal to the Superior Court[6] "from the sentence announced in open court in this matter on May

> *including the collection of any fine and restitution, and for the collection of any costs.*

Pa.R.Crim.P. 462(A), (G), (H), and (I) (emphasis added). As Pa.R.Crim.P. 462, *cmt.* explains:

> Pursuant to paragraph (H), if the defendant is convicted, the trial judge must impose sentence, and advise the defendant of the payment schedule, if any, and the defendant's appeal rights. *See* Rule 704(a)(3) and Rule 702(D). . . .
>
> * * *
>
> Once sentence is imposed, paragraph (I) makes it clear that the case is to remain in the court of common pleas for execution of the sentence and collection of any costs, and the case may not be returned to the magisterial district judge. The execution of sentence includes the collection of any fines and restitution.

[4] "N.T. 5/5/21" refers to the transcript of the statutory appeal hearing conducted in the trial court on May 5, 2021.

[5] *See* Pa.R.Crim.P. 704(a)(3) ("In a summary case appeal, sentence shall be imposed immediately following a determination of guilt at a trial *de novo* in the court of common pleas.").

[6] *See* Pa.R.Crim.P. 720(D) ("There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence **(Footnote continued on next page…)**

4

5, 2021, as reflected in the sentencing order entered on May 10, 2021, on the docket,[7]" *see id.* at 1, and the Superior Court subsequently transferred the appeal to this Court.[8]

On appeal,[9] Stilp claims: (1) Section 189-37(A) of the City's Solid Waste Code is unconstitutionally vague and failed the rule of lenity as applied; (2) the Commonwealth failed to show that Section 189-37(A) of the City's Solid Waste Code satisfies intermediate scrutiny; (3) the evidence admitted at the trial *de novo* does not establish that Stilp "create[d] a hazardous or physically offensive condition" as prohibited by Section 5503(a)(4) of the Crimes Code; and (4) the evidence admitted at the trial *de novo* does not establish that Stilp's actions "serve[d]

---

immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal."); Pa.R.Crim.P. 720(D), cmt. ("The time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence.").

[7] The docket entries for the summary appeal demonstrate that the "Order - Sentence/Penalty Imposed" was entered on the docket on May 5, 2021, and that the itemized "Penalty Assessed" was actually entered on May 18, 2021. *See* OR Docket Entry #13 at 5.

[8] This Court is vested with jurisdiction to consider the appeal from Stilp's conviction for violating Section 189-37(A) of the City's Solid Waste Code. *See* Section 762(a)(4)(i)(B) of the Judicial Code, 42 Pa. C.S. §762(a)(4)(i)(B) ("[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . [a]ll actions or proceedings . . . where is drawn in question the application, interpretation or enforcement of any: . . . local ordinance. . . ."). However, the Superior Court is endowed with jurisdiction to consider claims raised in appeals involving the violation of Section 5503(a)(4) of the Crimes Code. *See* Section 742 of the Judicial Code, 42 Pa. C.S. §742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy . . ., except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.").

[9] "This Court's review of a nonjury trial is limited to determine whether the findings of the trial court are supported by competent evidence, and whether the trial judge committed error in the application of law. As a reviewing court, this Court may not reweigh the evidence or substitute our judgment for that of the fact-finder." *Commonwealth v. Parente*, 956 A.2d 1065, 1068 n.8 (Pa. Cmwlth. 2008).

5

no legitimate purpose" as provided in Section 5503(a)(4) of the Crimes Code. However, upon reviewing the original record that was certified by the trial court to this Court, it is clear that we do not possess jurisdiction to consider or dispose of the merits of the instant appeal.[10]

> As this Court has observed:
>
> Pennsylvania courts have consistently recognized that the sentencing court's oral statements, which are not incorporated into the written judgment signed by the sentencing court, are not a part of the judgment of sentence. *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013); *Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. 2014); *Commonwealth v. Hodge*, 369 A.2d 815, 820 (Pa. Super. 1977); *Commonwealth v. Green*, 335 A.2d 392, 393 (Pa. Super. 1975); *Commonwealth v. Foster*, 324 A.2d 538, 539 (Pa. Super. 1974); *see Commonwealth v. Isabell*, 467 A.2d 1287, 1292 (Pa. 1983) ("Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence."). "In Pennsylvania, the text of the sentencing order, and not the [oral] statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." *Borrin*, 80 A.3d at 1226; *see Commonwealth,*

---

[10] It is proper for this Court to preliminarily determine our jurisdiction to consider the merits of Stilp's claims on appeal. Indeed, as we have previously noted:

> Since the issue of appealability of an order is jurisdictional in nature, it is proper for this Court to raise the issue *sua sponte* where it has not been raised by the parties. *Fried v. Fried*, [501 A.2d 211 (Pa. 1985)]. An appeal, of course, may be brought only from a final order unless otherwise permitted by statute or rule. *Id.* No specific statute or rule is applicable here which would provide an exception to the general requirement that the order appealed from be final. *See* Section 762 of the Judicial Code, 42 Pa. C.S. §762 and Pa.R.A.P. 311(a) (relating to interlocutory appeals as of right).

*Halfway Coal Yard, Inc. v. Centre County*, 536 A.3d 860, 861 n.1 (Pa. Cmwlth. 1988).

*ex rel. Powell v. Pennsylvania Department of Corrections*, 14 A.3d 912, 915-16 (Pa. Cmwlth. 2011); *Green*, 335 A.2d at 393. Thus, the sentencing order controls over oral statements of the sentencing judge not included in the signed judgment of sentence. *Borrin*, 80 A.3d at 1226; *Isabell*, 467 A.2d at 1292.

*Oliver v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 491 M.D. 2019, filed July 19, 2021), slip op. at 13 (footnote omitted).[11]

As outlined above, in this case, although the trial court complied with the requirements of Pa.R.Crim.P. 462(G) in announcing in open court the verdict and sentence to be imposed, it failed to execute and enter on the docket a final and appealable judgment of sentence in conformity with the requirements of Pa.R.Crim.P. 462(H), that may be appealed as a final order under Pa.R.Crim.P. 720(D). In a similar circumstance, the Superior Court explained:

> The general rule is that "a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory." *Commonwealth v. Myers*, [322 A.2d 131, 132 (Pa. 1974)]; *Commonwealth v. Nugent*, [435 A.2d 1298, 1299 (Pa. Super. 1981)].
>
> As we pointed out in a recent case, entry of the judgment of sentence is a two-step process involving both imposition of sentence and entry on the docket. [*Nugent*, 435 A.2d at 1300 n.8].
>
> In the case at bar, it is apparent that only the second step was taken.
>
> A docket entry dated June 30, 1981 indicates that the defendant was adjudged guilty and was to pay $44 in fines and costs. However, nothing in the record shows that

---

[11] Pursuant to Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), unreported panel decisions of this Court filed after January 15, 2008, may be cited for their persuasive value.

7

the trial judge sentenced the defendant in court or executed an order for judgment of sentence. Therefore, no judgment of sentence has been entered, no final order has been issued, and we are without jurisdiction to hear this appeal.

*Commonwealth v. Albert*, 452 A.2d 822, 823 (Pa. Super. 1982).

In such a case, the proper remedy is to quash the appeal and remand the matter to the trial court for the entry of a proper judgment of sentence. *See, e.g., Albert*, 452 A.2d at 823; *see also Commonwealth v. Griffin*, 539 A.2d 1372, 1372 (Pa. Super. 1988) ("This appeal, having been taken from the order dismissing post-verdict motions, and not from the judgment of sentence, is not properly before this Court. Thus, we quash the appeal and remand to the trial court for the imposition of sentence, and note that the instant appeal is quashed without prejudice to the right of appellant thereafter to pursue his right of appeal."); *Commonwealth v. Gray*, 445 A.2d 112, 113 (Pa. Super. 1982) ("Our study of the record in this case leads us to conclude that there is no merit to any of the contentions of the appellant. We would, therefore, affirm the decision of the Common Pleas Court. However, we must instead quash the appeal and remand to the Common Pleas Court since there was no final appealable order entered in the court below. Pa.R.A.P. 301,[12] 341.[13]"). As a result, we will quash this appeal and remand the matter to the trial court to execute

---

[12] Pa.R.A.P. 301(a)(2) and (b), outlining the Requisites for an Appealable Order states, in relevant part: "In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court[, and e]very order shall be set forth on a separate document."

[13] Pa.R.A.P. 341(a) states, in pertinent part: "Except as prescribed in paragraphs (d) and (e) of this rule, [relating to Superior Court and Commonwealth Court orders and the Commonwealth's appeal of criminal orders,] an appeal may be taken as of right from any final order of a . . . trial court."

and enter on the docket a written judgment of sentence without prejudice to Stilp's right to file a timely appeal of that final and appealable judgment of sentence.[14]

Accordingly, the instant appeal is quashed, and the matter is remanded to the trial court to execute and enter on the docket a written judgment of sentence as required by Pa.R.Crim.P. 462(H).

_____
MICHAEL H. WOJCIK, Judge

---

[14] With respect to Stilp's exercise of his right of appeal, the Superior Court has also observed:

> "When the defendant appeals from a judgment of sentence, the time for appeal runs from the date that the court imposes sentence, informs the defendant of his or her right to appeal within thirty days, ***and*** enters the judgment on the docket." [*Commonwealth v. Cavanaugh*, 456 A.2d 145, 146 (Pa. 1983)] (emphasis added). *See also Commonwealth v. Ferguson*, [552 A.2d 1075, 1077 n.1 (Pa. Super. 1988)], where we followed *Cavanaugh, supra*, and explained that "the thirty day period for filing notice of appeal commences upon formal entry of judgment of sentence, rather than when the sentence to be entered was first announced in open court." [] Until the judgment is entered on the docket, the appeal period has not begun.

*Commonwealth v. Bartley*, 576 A.2d 1082, 1083 (Pa. Super. 1990).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
     :
         v.      : No. 890 C.D. 2021
     :
Eugene Stilp,      :
     :
        Appellant      :

# **O R D E R**

AND NOW, this 18th day of October, 2022, the above-captioned appeal is QUASHED, and the matter is REMANDED to the Schuylkill County Court of Common Pleas to execute and enter on the docket a written judgment of sentence as required by Rule 462(H) of the Pennsylvania Rules of Criminal Procedure.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge