## Valley Traction Company's Case.

*Change of venue—Interest of judge—Appeals—Interlocutory order—Act of March 30, 1875, P. L. 35.*

An order refusing an application made under the Act of March 30, 1875, Sec. 1, P. L. 35, for a change of venue, is an interlocutory order from which no appeal lies. Such an order may be made the subject of an assignment of error on an appeal from a final decree, if such decree shall be adverse to the applicant for a change of venue.

Argued April 24, 1912. Appeal, No. 122, Jan. T., 1912, by Mechanicsburg Borough, from order of Q. S. Cumberland Co., Sept. T., 1911, No. 378, discharging rule for change of venue In re Application of the Valley Traction Company, et al., to have Ordinance No. 226 of the Borough of Mechanicsburg declared illegal and void. Before BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Appeal quashed.

Petition of the Valley Traction Company to have Ordinance No. 226 of the Borough of Mechanicsburg declared illegal and void.

Petition for change of venue.

The petition of the borough of Mechanicsburg alleged that it was the respondent in the proceedings to have Ordinance 226 set aside; that the judge of the court was formerly counsel for the Valley Traction Company; that S. B. Sadler, Esq., a son of the judge, was one of the counsel for that company in the pending action; and that L. S. Sadler, another son of the judge was a director and stockholder of said Valley Traction Company, and prayed for a change of venue.

The answer admitted the interest of the borough of Mechanicsburg; denied that the judge had ever been counsel for the Valley Traction Company; stated that L. S. Sadler was a stockholder of that company and S. tion Company since January, 1907, and admitted that L. S. Sadler was a stockholder of that Company and S. B. Sadler, one of counsel for it.

The court discharged the rule for change of venue.

*Error assigned* was the order of the court.

*E. M. Biddle, Jr.*, with him *H. M. Zug*, for appellant.

*Lyman D. Gilbert*, with him *Sharpe & Elder*, for appellees.

PER CURIAM, May 13, 1912:

The application for a change of venue in this proceeding was made under the third clause of the first section of the Act of March 30, 1875, P. L. 35, which provides that such a change shall be made in any civil cause in law or equity depending in a lower court whenever any relative of the judge who is required to try or hear the same "shall be a party to any such cause or interested in the event thereof." The application was denied, and

from the denial of it the borough of Mechanicsburg has appealed. The Act of 1875 makes no provision for this appeal, and, as it is from an interlocutory order, it must be quashed. The refusal of the court to award the change of venue was excepted to, and, on appeal from a final decree, if it should be adverse to the appellant, the question of its right to have had the change can be raised and passed upon here. On the other hand, if the final decree shall sustain the ordinance of the borough, it will have no complaint to make of the refusal to order a change of venue. It is, however, probably unlikely that the question which the appellant would raise by this appeal will subsequently be before us, for it ought to be safely assumed that the learned president judge of the court below will, under a sense of official propriety, call in another judge to dispose of the case, if the present objections to his sitting in it shall not be withdrawn.

Appeal quashed.