Commonwealth *v.* Swanson, Appellant.

Argued November 21, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James R. DiFrancesco,* with him *DiFrancesco & Di-Francesco,* for appellant.

*Ferdinand F. Bionaz,* District Attorney, with him *William P. Kelly,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 4, 1967:

Defendant, charged with the crime of murder, presented to the Court of Oyer and Terminer of Cambria County a petition for a change of venue, alleging that certain prearrest and pretrial publicity precluded defendant-appellant from receiving a fair trial in Cambria County. Pa. R. Crim. P. 313 provides that venue may be changed ". . . when it is determined after hearing that a fair and impartial trial cannot be had in the county in which the complaint was filed." After defendant's petition was presented and argued by defendant's personally retained counsel, the Court below filed an Opinion and an Order dismissing the petition. From this Order defendant immediately took his appeal, although he had not yet been tried, convicted or sentenced for the crime with which he was charged.

This appeal must be quashed because it involves an appeal from an interlocutory Order. In criminal cases, *the general rule* is that a defendant can appeal only from a final judgment of sentence, and an appeal from any prior Order or judgment will be quashed. *Com-*

monwealth v. *Haushalter,* 423 Pa. 351, 223 A. 2d 726; *Commonwealth v. Byrd,* 421 Pa. 513, 219 A. 2d 293; *Commonwealth v. Novak,* 384 Pa. 237, 120 A. 2d 543.

Unless "exceptional circumstances" are involved, defendants are prohibited from appealing interlocutory orders in criminal cases. Such exceptional circumstances arise (1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of great public importance is involved. *Commonwealth v. Byrd,* 421 Pa., supra; *Commonwealth v. Kilgallen,* 379 Pa. 315, 320, 108 A. 2d 780; *Commonwealth v. Novak,* 384 Pa., supra; *Commonwealth v. Ragone,* 317 Pa. 113, 176 Atl. 454; cf. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304; *Commonwealth v. Fudeman,* 396 Pa. 236, 152 A. 2d 428.

We also note that *Valley Traction Company's Case,* 236 Pa. 451, 84 Atl. 829, a civil case, holds that an Order denying a petition for a change of venue is interlocutory and not subject to an appeal, absent specific statutory authority to the contrary.

Furthermore, neither the Rules of Criminal Procedure nor any statute of Pennsylvania provide for an appeal *from a denial* of a motion for a change of venue. Rule 313 Pa. R. Crim. P., upon which appellant relies, provides that *"an order changing* venue shall be certified forthwith to the Supreme Court and either the defendant or the Commonwealth *may appeal* to the Supreme Court within ten days from the date of such order [emphasis supplied]". The language of this rule limits it to cases where the Order of the Court below *grants* a change of venue; it does not apply where the Order *denies* a change of venue.

We find no authority, and no exceptional facts or circumstances to take this case out of the general rule. If defendant is acquitted, the issue will of course be moot; if defendant is convicted and sentenced, this is-

sue along with any trial errors will be subject to appellate review, if an appeal is taken.

Appeal quashed, without prejudice to defendant's right to raise this issue at the proper time.