## William and Mahala Sufrich, Appellants v. Commonwealth of Pennsylvania, Appellee.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Richard J. Orloski, Calnan & Orloski,* for appellants.

*Paul F. McHale, Jr.,* with him *Frank Danyi,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., July 29, 1982:

This is an appeal by John and Mahala Sufrich (appellants), from an order of the Court of Common Pleas of Northampton County changing the venue of a summary proceeding in which the appellants were the named defendants. The appellants assert, first, that the lower court's order was one changing venue in a criminal proceeding; and is thus immediately appealable as of right, even though interlocutory, pur-

suant to Pa. R.A.P. 311(a)(3). The appellants also assert that the order was entered in violation of their due process rights.

In March 1980, a citation was filed charging the appellants with a summary offense, the violation of a municipal ordinance of the Borough of Freemansburg relative to the storage of junk automobiles. The citation bore the name of the Commonwealth of Pennsylvania as the prosecuting party, and was filed with the district justice for Northampton County's "2-3" magisterial district. The appellants pled "not guilty" to the charge laid in the citation, and demanded a trial.

On April 2, 1980, the President Judge of the Court of Common Pleas of Northampton County entered an order changing the venue of the mentioned summary proceeding, from the county's "2-3" magisterial district to the county's "1-2" magisterial district. It is acknowledged in the President Judge's memorandum opinion that the venue order was *ex parte*. That is, the order was entered without a hearing, and was based solely on the request of the police chief of the Borough of Freemansburg. According to the lower court's opinion, the police chief had advised the court, in effect, that the original district justice harbored a predisposition about the case that was prejudicial to the prosecution. It is undisputed that, prior to the entry of the court's order, the appellants had been given no notice of the police chief's request.

The first issue to be addressed is whether the venue order appealed from is the kind of interlocutory order that is appealable as of right under Pa. R.A.P. 311(a)(3). The appellee, captioned as being the Commonwealth of Pennsylvania, asserts that the order here in question is not within the intendment of Pa. R.A.P. 311(a)(3).

Pa. R.A.P. 311(a)(3) provides that, unless otherwise prescribed by general rule, an appeal may be taken as

of right from an order "changing venue in a criminal proceeding." The appellee argues that this provision applies only to a change of venue between *judicial* districts, and does not apply to venue changes between *magisterial* districts in the same county. Given the present state of law, we must reject that argument.

Article V, Schedule Section 14, of the Pennsylvania Constitution provides as follows:

Effective immediately upon establishment of magisterial districts and until otherwise prescribed *the civil and criminal procedural rules relating to venue shall apply to magisterial districts*; all proceedings before aldermen, magistrates and justices of the peace shall be brought in and only in a magisterial district in which occurs an event which would give rise to venue in a court of record; the court of common pleas upon its own motion or on application at any stage of proceedings shall transfer any proceeding in any magisterial district to the justice of the peace for the magisterial district in which *proper venue lies.*[1]
(Emphasis added.)

The part of the above constitutional provision relating to where magisterial proceedings must be brought, has been implemented, insofar as criminal proceedings are concerned, by Pa. R. Crim. P. 21, which sets forth definite venue rules.

From the foregoing, it seems clear that, the matter of which magisterial district is to entertain a summary criminal proceeding, is an issue of venue and is governed by venue rules. The fact that the magisterial districts in question are in the same county, or judicial district, does not suspend the applicability of the prescribed venue rules or make the issue a non-venue matter.

---

[1] *See* Pa. R. Crim. P. 3(g), (l).

Pa. R.A.P. 311(a)(3) does not, on its face, exclude summary criminal cases from its concept of "criminal proceeding." Therefore, we must conclude that an order changing the venue of a summary criminal proceeding is also an appealable interlocutory order under Pa. R.A.P. 311(a)(3); even when the change is from one magisterial district to another in the same county, or judicial district. That is, we must so conclude in the absence of a general rule of court prescribing otherwise; and no such rule has been promulgated.

As noted, the appellants complain that the request for a change of venue was granted by the lower court without their having had notice of the application or an opportunity to be heard on the matter. This is the sole ground upon which the appellants challenge the validity of the order. It is our conclusion that the lower court's action did fall short of procedural regularity.

By the express mandate of Pa. R. Crim. P. 1, the Rules of Criminal Procedure govern criminal proceedings in all courts. The term "criminal proceedings" includes all actions for the enforcement of ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.[2] According to Pa. R. Crim. P. 306, an application for a change of venue is a pretrial motion, and must comply with the formalities prescribed by that rule. Another rule, Pa. R. Crim. P. 307, requires that such a motion be served on the opposing party or his attorney. And, by the terms of Pa. R. Crim. P. 308, a party served with a pretrial motion has the right to file an answer.

Although in the Rules of Criminal Procedure there is a chapter specifically devoted to summary cases, and the chapter contains no stated counterpart to Pa. R.

---

[2] "Justices of the Peace" are now statutorily known as "District Justices."

Crim. P. 306, 307 and 308, the three last-mentioned rules are applicable to summary criminal proceedings by force of Pa. R. Crim. P. 1.

In the instant case, it is clear that the venue order complained of was entered without there having been compliance with the procedural requirements of Pa. R. Crim. P. 306, 307 and 308. For that reason, we must reverse the lower court's order, and remand the case for proceedings that are consistent with procedural requirements.

It is to be noted that, before this Court, the appellants have attacked only the procedural validity of the lower court's order, and not its substantive validity. That is, the appellants did not raise the issue of whether the grounds relied on by the lower court empowered it to change the magisterial venue of a summary criminal proceeding.[3] That issue should be addressed on remand. As a further matter, the lower court should determine whether or not the police chief of the Borough of Freemansburg was a proper party to move for a change of venue in the case.

## ORDER

AND Now, the 29th day of July, 1982, the order of the Court of Common Pleas of Northampton County, dated April 2, 1980, at No. 228-1980, is reversed; and

---

[3] Section 5106 of the Judicial Code, 42 Pa. C. S. §5106, provides as follows:

The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner *as shall be provided or prescribed by law.* (Emphasis added.)

Except for the Supreme Court of Pennsylvania, the courts of this state have no inherent power to grant a change of venue, but may do so only to the extent of legislative authorization. *Commonwealth v. Sacarakis*, 196 Pa. Superior Ct. 455, 175 A.2d 127 (1961).

the matter is hereby remanded to the said Court of Common Pleas for proceedings consistent with the annexed opinion.

Judge MENCER did not participate in the decision in this case.