466 A.2d 1058

**COMMONWEALTH of Pennsylvania**

v.

**William SUFRICH, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Mahala SUFRICH, Appellant.**

Superior Court of Pennsylvania.

Argued June 2, 1983.

Filed Oct. 7, 1983.

Richard J. Orloski, Allentown, for appellants.

Frank J. Danyi, Jr., City Solicitor, Bethlehem, for Commonwealth, appellee.

Before ROWLEY, WIEAND and BECK, JJ.

ROWLEY, Judge:

These are consolidated appeals from orders "changing venue" of summary criminal proceedings from one district justice to another.

Appellants were charged with two counts of driving during suspension and one count each of abandonment of a vehicle and allowing a dog to remain at large. The charges were filed with District Justice Dennis Monaghan. Appellants pled not guilty and requested a hearing. On September 25, 1981, the Court of Common Pleas, at the request of the Commonwealth, entered an *ex parte* order transferring the cases to another district justice. The transfer was granted on the ground that the original district justice had a predisposition about the case which was prejudicial to the Commonwealth. No written motion requesting the transfer was ever filed by the Commonwealth. Appellants were given no notice that the Commonwealth intended to make such a request and no opportunity to respond.

■ We must first determine whether the order transferring the cases is appealable. The Commonwealth Court has ruled on this question in a case involving the same appellants, but different charges. *Sufrich v. Commonwealth,* 68 Pa.Cmwlth. 42, 447 A.2d 1124 (1982). That court decided

that such an order is appealable under Pa.R.A.P. 311(a)(3) which provides that an appeal may be taken as of right from an order changing venue in a criminal proceeding. According to Schedule Article V, Section 14 of the Pennsylvania Constitution, the civil and criminal procedural rules relating to venue shall apply to magisterial districts. Therefore, we agree that the order transferring these cases, which in effect was a "change of venue" in a criminal proceeding, is appealable.

Appellants argue that the court erred in ordering a change of venue without first giving them notice and an opportunity to be heard.

In *Sufrich v. Commonwealth, supra,* the Commonwealth Court agreed with that argument. The court reasoned that under Pa.R.Crim.P. 1, the Rules of Criminal Procedure govern criminal proceedings in all courts, including summary criminal proceedings before district justices. According to Rule 306, an application for a change of venue is a pretrial motion and must comply with the formalities prescribed by the rule. Rule 307 requires that such a motion be served on the opposing party. Rule 308 gives an opposing party the right to file an answer. The court concluded that the change of venue was ordered without complying with the procedural requirements of Rules 306, 307 and 308. It therefore reversed and remanded the case so that those procedures could be followed.

The reasoning of the Commonwealth Court has been criticized by the Criminal Procedural Rules Committee of the Pennsylvania Supreme Court. *See* Vol. 13, Pennsylvania Bulletin, page 1766. According to the Committee, Rules 306, 307 and 308 were never intended to apply to summary cases. *Id.,* at 1767. The Committee also questioned the use of the term "change of venue" in this situation, and considered this case to actually involve the temporary assignment of a district justice under Pa.R.Crim.P. 23. However, the Committee agreed that when a party requests temporary assignment to insure fair and impartial proceedings, the only means of making such a request should be by motion, with notice and an opportunity to respond. *Id.,* at

1768. As a result of *Sufrich v. Commonwealth,* the Committee has proposed that Rule 23(b) be amended to specifically permit temporary assignment of a district justice in order to insure fair and impartial proceedings. The Committee also proposed that a subsection (d) be added to Rule 23, which would read as follows:

(d) A motion may be filed requesting a temporary assignment under paragraph (b) on the ground that the assignment is needed to insure fair and impartial proceedings. Reasonable notice and opportunity to respond shall be provided to the parties.

■ We believe that whether the court order in question is considered to be a change of venue under Rule 306 or a temporary assignment under Rule 23, fairness requires that appellants be given notice of the Commonwealth's request for a transfer, which should be in the form of a written motion. Appellants must also be given an opportunity to respond to such a request. Therefore, we will reverse the order of the trial court and remand this case so that the proper procedure may be followed.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.