**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Victor Lloyd MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 2013.
Filed July 30, 2013.
Reargument Filed Sept. 3, 2013.
Reargument Denied Oct. 11, 2013.

Victor L. Mitchell, appellant, pro se.

Joel R. Hogentogler, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

* Retired Senior Judge assigned to the Superior Court.

1. The trial court docket reflects that after a hearing on June 23, 2011, the trial court permitted Mitchell to proceed *pro se.*

BEFORE: DONOHUE, WECHT and COLVILLE *, JJ.

OPINION BY DONOHUE, J.:

Victor Lloyd Mitchell ("Mitchell") appeals *pro se* from the August 20, 2012 order denying his July 25, 2012 *pro se* petition seeking a change of venue.[1] Because we conclude that this Court lacks jurisdiction, we quash the appeal.[2]

The trial court summarized the procedural history of this case as follows:

> [Mitchell] was arrested and charged with [a]ggravated [a]ssault,[FN]1 [u]se of or [p]ossession with [i]ntent to [u]se [d]rug [p]araphernalia,[FN]2 and [p]ossessing [i]nstruments of [c]rime.[FN]3 On December 29, 2010, bail was set [ . . . ] in the amount of $275,000 straight bail. [Mitchell] is currently being held in Dauphin County Prison awaiting trial. On July 25, 2012, [Mitchell] filed a [m]otion for [c]hange in [v]enue pursuant to Pa.R.Crim.P. 584. On August 14, 2012, a hearing was held on the [m]otion for [c]hange of [v]enue along with other outstanding pre-trial motions. By [o]rder dated August 20, 2012, this [c]ourt denied [Mitchell's] [m]otion for [c]hange of [v]enue.
>
> _____
>
> [FN]1. 18 Pa.C.S.[A.] § 2702.
> [FN]2. 35 P.S. § 780–113(a)(32).
> [FN]3. 18 Pa.C.S.[A.] § 907(a).

Trial Court Opinion, 10/8/2012, at 1–2. Thereafter, Mitchell filed a timely *pro se* notice of appeal followed by a court-ordered Pa.R.A.P. 1925(b) statement. The Honorable Richard A. Lewis filed a Pa.R.A.P. 1925(a) opinion on October 8, 2012.

2. On June 28, 2013, Mitchell filed a *pro se* application for an extension of time to file a reply brief. Due to our resolution of this appeal, we deny *Mitchell's* request.

As noted above, Mitchell's appeal challenges the trial court's denial of his motion seeking a change in venue pursuant to Pa.R.Crim.P. 584.[3] In his motion, Mitchell alleged that there is no reasonable probability that the judiciary of the Twelfth Judicial District can be impartial because of a July 13, 2012 order wherein the Honorable Lawrence F. Clark, Jr., a prior judge assigned to Mitchell's case, recused himself from any further participation in Mitchell's case and recommended that court administration consider reassigning the case to another judicial district.[4]

■ We conclude that this Court lacks jurisdiction to entertain Mitchell's appeal. In order for this Court to have jurisdiction, an appeal must be from an appealable order. *Commonwealth v. Brister*, 16 A.3d 530, 533 (Pa.Super.2011) ("[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order."). The Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) delineate appealable orders as final orders (Pa. R.A.P. 341); interlocutory orders as of right (Pa.R.A.P. 311); interlocutory orders by permission (Pa.R.A.P. 312); and collateral orders (Pa.R.A.P. 313). *Commerce Bank/Harrisburg, N.A. v. Kessler*, 46 A.3d 724, 728 (Pa.Super.2012). Without reference to the Rules of Appellate Procedure, the trial court and the Commonwealth, relying on two Supreme Court cases that pre-date the promulgation of the current rules of appellate procedure,[5] correctly state that an appeal in a criminal case from a pre-trial order denying a change in venue is an appeal from a non-final, interlocutory order. Trial Court Opinion, 10/8/2012, at 2–3; Commonwealth's Brief at 4–5; *see Commonwealth v. Swanson*, 424 Pa. 192, 193, 225 A.2d 231, 232 (1967) (quashing a criminal defendant's appeal from the a pre-trial order denying a change of venue because it was an appeal from an interlocutory order); *Common-*

3. Rule 584, in relevant part, provides:

   **Rule 584. Motion for Change of Venue or Change of Venire**
   (A) All motions for change of venue or for change of venire shall be made to the court in which the case is currently pending. Venue or venire may be changed by that court when it is determined after hearing that a fair and impartial trial cannot otherwise be

   Pa.R.Crim.P. 584(A).

4. Specifically, the July 13, 2012 order states:

   **AND NOW**, to wit, this 13th day of July, 2012, upon a careful review of [Mitchell's] vast array of *pro se* filed pleadings, particularly the scurrilous, vituperous, and unfounded filings directed against the person and professional integrity of our distinguished and esteemed colleague, The Honorable Jeannine Turgeon[,] and further coupled with our deep appreciation of the apparent maniacal and demented objectives of those undertakings initiated by [Mitchell], we find that we can no longer objectively participate in the above-captioned case. It is likewise apparent that [Mitchell's] multitude of filings is a blatant, vexatious and dilatory attempt to grossly abuse the rules of law and procedure for no legitimate purpose, and [as] such [Mitchell's] *pro se* actions are an attempted mockery of the criminal justice process of this Commonwealth.

   **THEREFORE**, upon serious consideration of assessing our required minimal objectivity for continuation to participate in the above-captioned matter, we have determined that it is professionally appropriate to recuse ourself [*sic*] from any further participation in this matter, and we do hereby so recuse. It is recommended that Court Administration give serious consideration to re-assigning this matter to a Judicial Officer from outside the Twelfth Judicial District.

   Trial Court Order, 7/13/2012.

5. The Pennsylvania Rules of Appellate Procedure, promulgated by the Supreme Court, became effective on July 1, 1976. The rules regarding final orders (Pa.R.A.P. 341) and collateral orders (Pa.R.A.P. 313) became effective on July 6, 1992.

wealth v. Sites, 430 Pa. 115, 242 A.2d 220 (1968) (concluding the appeal from a pretrial order in a criminal case denying a change in venue must be quashed because it was an appeal from an nonappealable, interlocutory order). Likewise, using the Pennsylvania Rules of Appellate Procedure as the analytical framework for determining the appealability of the order at issue, it is clear that it is unappealable.

Although we may review an appeal from an order *changing* venue in a criminal case as an interlocutory appeal as of right (*see* Pa.R.A.P. 311(a)(3)),[6] the Official Note to Rule 311(a)(3) distinguishes an order *denying a change* in venue as one that is not appealable. *Id.*, Note (citing *Swanson*, 424 Pa. at 193, 225 A.2d at 232 (holding that, in general, the defendant in a criminal case can appeal only from the judgment of sentence, and an appeal from any prior order, such as an order denying a change in venue, will be quashed as interlocutory)).

Furthermore, we cannot review Mitchell's appeal as an interlocutory appeal by permission pursuant to Pa.R.A.P. 312. In order to appeal an interlocutory order by permission, the trial court must certify in the order that its decision involved "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter" pursuant to 42 Pa.C.S.A. § 702(b), and the appellant must file with this Court a petition seeking permission to appeal. *See* Pa.R.A.P. 1311(b) ("Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court [ ... ].""). Neither requirement has been fulfilled in this case.

■ Finally, we cannot conclude, as Mitchell contends, that this Court may review the merits of his appeal as an appeal from a collateral order. Rule 313 of the Pennsylvania Rules of Appellate Procedure governs collateral orders. With respect to Rule 313, this Court has stated:

> Pursuant to Pa.R.A.P. 313(a), an appeal may be taken as of right from a collateral order. Pa.R.A.P. 313(b) defines a collateral order as one that (1) is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question, which is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

*Commonwealth v. Minich*, 4 A.3d 1063, 1067 (Pa.Super.2010). All three prongs of the collateral order test must be satisfied in order for an appellate court to have jurisdiction over the appeal. *Commonwealth v. Harris*, 612 Pa. 576, 584, 32 A.3d 243, 248 (2011).

Assuming, *arguendo*, that the order denying a change in venue is collateral to the

---

6. In relevant part, Rule 311 states:
   **Rule 311. Interlocutory Appeals as of Right**
   (a) **General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
   \*      \*      \*
   (3) *Change of criminal venue or venire.* An order changing venue or venire in a criminal proceeding.

Pa.R.A.P. 311(a)(3).

underlying criminal proceedings and that the right is too important to deny review, Mitchell's claim cannot satisfy the third prong because it will not be irreparably lost if review is postponed. In order to satisfy this prong of the collateral order test, the claim or interest must be irreparably lost or disappear as a result of proceeding to trial and waiting until final judgment in the case. *Commonwealth v. Montgomery*, 799 A.2d 149, 153 (Pa.Super.2002). For example, in *Harris,* our Supreme Court reaffirmed a prior holding that "orders overruling claims of privilege and requiring disclosure are immediately appealable under Pa.R.A.P. 313." *Harris,* 612 Pa. at 589–90, 32 A.3d at 251. The *Harris* Court found the third prong of the collateral · order test satisfied because "once material has been disclosed, any privilege is effectively destroyed." *Id.* at 587–88, 32 A.3d at 249.

Instantly, in contrast to *Harris,* any harm resulting from an erroneous denial of a change in venue can be rectified after final judgment is entered in the case. On direct appeal, Mitchell will have the opportunity to challenge the denial of his request for a change in venue, and, if meritorious, Mitchell's remedy would be a new trial. *See Commonwealth v. Cohen,* 489 Pa. 167, 187, 413 A.2d 1066, 1077 (1980) (vacating Cohen's judgment of sentence and remanding for a new trial and change of venue because the trial court abused its discretion in refusing to grant a change in venue based upon pretrial publicity). Thus, Mitchell will not lose the opportunity to challenge the denial of a change in

venue; he simply must wait to do so until a judgment of sentence has been imposed.[7]

Appeal quashed. Mitchell's application for an extension of time to file a reply brief is denied.

---

7. Even if Mitchell's July 25, 2012 petition seeking a change of venue is construed as a petition seeking recusal of the trial judge, the appeal from the trial court's August 20, 2012 order denying Mitchell's request must be quashed. As with an order denying a change in venue, Mitchell will not lose his ability to challenge the denial of a recusal request.

Thus, an appeal from an order denying a request for recusal would not be an appeal from a collateral order. *See In re Bridgeport Fire Litigation,* 51 A.3d 224, 231 n. 8 (Pa.Super.2012) (concluding that an order denying a motion for recusal was not a collateral order). had in the county where the case is currently pending.