J-A08005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER VINCENT DEMANNO, | |
| Appellee | No. 1425 MDA 2014 |

Appeal from the Order Entered August 7, 2014
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-MD-0000123-2014

BEFORE:  SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 13, 2015**

The Commonwealth appeals from the order denying its request to assign a different magisterial district justice ("MDJ") to conduct a preliminary hearing on charges refiled against Christopher Vincent Demanno ("Appellee").  We quash.

The trial court summarized the factual and procedural history of this case as follows:

> On March 6, 2014, Christopher Demanno [Appellee] knocked and was permitted entry into the City of Lock Haven police station at 4:30 AM. (Preliminary Hearing Transcript of May 15, 2014 p. 5-6).  Officers believed that [Appellee's] behavior warranted a petition for mental health commitment. (N.T. 6).  Three officers transported [Appellee] to the Lock Haven Hospital Emergency Room for a mental health evaluation.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

(N.T. 7). [Appellee] was placed in the room where mental health evaluations are conducted, and [Appellee] subsequently began to become aggravated which resulted in him cursing repeatedly and stating that he is "Jesus Christ." (N.T. 7-9). [Appellee] then grabbed a bag which contained his personal belongings, exited the mental health evaluation room, and attempted to exit the hospital while stating to the three officers that he was leaving and did not have to listen to the officers. (N.T. 21). When [Appellee] attempted to move towards the exit of the hospital, one of the officers grabbed [Appellee's] bag and told [Appellee] to let go of the bag and return to the mental [health] evaluation room. (N.T. 22). [Appellee] yanked his bag and kicked the officer in the abdomen. (N.T. 22). The officer was caught off balance by the kick and stumbled backwards. (N.T. 23). After the kick, [Appellee] continued to have an "aggressive posture" with his fists raised. (N.T. 9-10). Another officer deployed his taser on [Appellee] after [Appellee] refused to get on the ground. (N.T. 10). The officer's taser misfired and [Appellee] stayed in place with his "aggressive posture" (N.T. 18). Another officer then fired his taser, which incapacitated [Appellee]. (N.T. 10). [Appellee] was compliant with officers after being hit with the second taser. (N.T. 18).

[Appellee] was charged with one count of aggravated assault under [18 Pa.C.S.] Section 2702(a)(2), one count of aggravated assault under [18 Pa.C.S.] Section 2702(a)(3), one count of simple assault under [18 Pa.C.S.] Section 2701(a)(1), one count of resisting arrest under Section 5104, one count of disorderly conduct under Section 5503(a)(1), and one count of harassment under Section 2709(a)(1).

The preliminary hearing in this case was held on May 13, 2014, and resulted in the Magisterial District Judge (hereinafter referred to as MDJ) dismissing all of the charges against [Appellee] for the failure of the Commonwealth to present a prima facie case.

Trial Court Opinion, 8/7/14, at 1–2. The Commonwealth refiled the charges on June 23, 2014. On July 10, 2014, the Commonwealth filed a motion for the temporary assignment of an issuing authority, requesting that the Clinton County president judge assign a different MDJ to conduct the

preliminary hearing on the refiled charges; the Commonwealth would not be presenting new evidence. Following the hearing on August 4, 2014, the president judge denied the Commonwealth's motion on August 7, 2014.

This appeal followed, in which the Commonwealth presents two questions for our review:

> I.   Does the trial court's failure to grant Commonwealth's motion for temporary assignment of issuing authority terminate the case such that an appeal to the Superior Court is proper?
>
> II.  Did the trial court err in denying Commonwealth's motion for temporary assignment of issuing authority with [sic] magisterial district judge improperly dismissed charges despite the presentation of a prima facie case?

Commonwealth's Brief at 4.

This case involves the interplay between the Commonwealth's authority under Pa.R.Crim.P. 544(B) to request a different MDJ and the trial court's exercise of discretion under Pa.R.Crim.P. 132(A) in disposing of that request. Pa.R.Crim.P. 544(B) provides as follows:

> Following the re-filing of a complaint . . ., if the attorney for the Commonwealth determines that the preliminary hearing should be conducted by a different issuing authority, the attorney shall file a Rule 132 motion with the clerk of courts requesting that the president judge, or a judge designated by the president judge, assign a different issuing authority to conduct the preliminary hearing. The motion shall set forth the reasons for requesting a different issuing authority.

Pa.R.Crim.P. 132(A) provides, in relevant part, as follows:

> The president judge may assign temporarily the issuing authority of any magisterial district to serve another magisterial district whenever such assignment is needed:

* * *

(2) to insure fair and impartial proceedings;

(3) to conduct a preliminary hearing pursuant to Rule 544(B); or

(4) otherwise for the efficient administration of justice.

Our standard of review is abuse of discretion. *Commonwealth v. Thorpe*, 701 A.3d 488, 490 (Pa. 1997).

This Court has recognized that an order **assigning** a different district justice to hear refiled charges is appealable under Pa.R.A.P. 311(a)(3) (change of venue) as an interlocutory appeal as of right. *Commonwealth v. Jones*, 633 A.2d 185, 186 n.1 (Pa. Super. 1993); *Commonwealth v. Shoop*, 617 A.2d 351 (Pa. Super. 1992); *Commonwealth v. Allem*, 532 A.2d 845 (Pa. Super. 1987); *Commonwealth v. Sufrich*, 466 A.2d 1058 (Pa. Super. 1983). Contrarily, an order **denying** a petition for change of venue is not appealable. *Commonwealth v. Mitchell*, 72 A.3d 715 (Pa. Super. 2013); *Commonwealth v. Swanson*, 225 A.2d 231 (Pa. 1967).

Given that the Commonwealth appealed from an order denying a change of venue, we directed the Commonwealth to show cause why its appeal should not be quashed as interlocutory. Order, 9/22/14. Invoking Pa.R.A.P. 311(d), the Commonwealth responded that its prosecution of Appellee will be effectively terminated if we do not reverse the order.

Statement of Termination of Case, 10/7/14, at ¶ 10. Pa.R.Crim.P. 311(d) provides as follows:

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.[1]

According to the Commonwealth, the first MDJ "improperly dismissed the charges in light of **Commonwealth v. Marti**, 779 A.2d 1177 (Pa. Super. 2001) and **Commonwealth v. Polston**, 616 A.2d 669 (Pa. Super. 1992)." *Id.* at ¶ 5. The Commonwealth anticipates that the denial of its requested reassignment will result in the same MDJ conducting the preliminary hearing on the refiled charges and, because no additional evidence will be presented, again dismissing the charges based on its allegedly improper legal analysis. Statement of Termination of Case, 10/7/14, at ¶¶ 7, 8.

Upon review, we reject the Commonwealth's assertion that its prosecution of Appellee will be effectively terminated if we do not reverse the trial court's order denying reassignment. The Commonwealth merely speculates that the same MDJ will again dismiss the charges at the second preliminary hearing. However, assuming the same MDJ does, in fact, hear the refiled charges—on further consideration of statutory authority, case law,

_____

[1] The Commonwealth certified in its notice of appeal that the trial court order "will terminate or substantially handicap the prosecution." Notice of Appeal, 8/22/14.

and the Commonwealth's arguments—he may reverse his position on whether the Commonwealth's evidence supports a *prima facie* case against Appellee.

As the trial court observed, "What the Commonwealth has asserted is tantamount to a simple disagreement with the dismissal of charges." Trial Court Opinion, 8/7/14, at 4. Given this disagreement, the Commonwealth requested a change of venue. The denial of its request is not appealable. ***Mitchell***; ***Swanson***.

Appeal quashed.

Judge Wecht joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2015