J-S03012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD BRADY, | |
| Appellant | No. 1718 EDA 2018 |

Appeal from the Order Entered June 6, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0004148-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED APRIL 08, 2019**

Appellant, Edward Brady, appeals *pro se* from the trial court's June 6, 2018 order.  After careful review, we are compelled to deem that order non-final and quash Appellant's appeal.

We need not set forth the facts or procedural history of Appellant's case for purposes of disposing of his present appeal.  We need only note that on February 7, 2018, Appellant filed his third *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  On April 30, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as being untimely filed.  Appellant did not file a timely response, and on May 25, 2018, the court issued an order that stated as follows:

AND NOW, this 25th day of May, 2018, after consideration of [Appellant's] Third Post Conviction Relief Act Petition (hereinafter "PCRA Petition"), it is hereby ORDERED as follows:[1]

[1] A 20[-]day notice, pursuant to Pa.R.Crim.P. 907, was forwarded to [Appellant] on April 30, 2018.

Pursuant to Pa. Rule of Criminal Procedure 907(4), [Appellant] is advised that he has thirty (30) days from the date of this Order to file an appeal to the Pennsylvania Superior Court. To do so, you must file a Notice of Appeal with the Clerk of Courts of Chester County, Pennsylvania. If you are indigent, you may request to file your appeal without the payment of costs (*in forma pauperis*). (Pa.R.Crim.P. 904)

Pursuant to Pa. Rule of Criminal Procedure 907(4), the Clerk of Courts of Chester County is directed to send a copy of this Order to [Appellant], certified mail, return receipt requested.

PCRA Court Order, 5/25/18, at 1 (single page).

Noticeably absent from this order is any ruling on Appellant's petition. We presume that this omission was an oversight, and that the court intended to dismiss Appellant's petition. Indeed, the docket entry for the May 25, 2018 order states "Order Dismissing PCRA Filed." However, the fact that the order does not actually rule on Appellant's petition renders it non-final, as the order did not "dispose[] of all claims and of all parties[.]" Pa.R.A.P. 341 (defining a final order). Thus, the May 25, 2018 order is not appealable, and we lack jurisdiction to consider Appellant's appeal. ***See Commonwealth v. Mitchell***, 72 A.3d 715, 717 (Pa. Super. 2013) ("In order for this Court to have jurisdiction, an appeal must be from an appealable order.") (citing ***Commonwealth v. Brister***, 16 A.3d 530, 533 (Pa. Super. 2011) ("[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order.")). Consequently, we are constrained to quash

Appellant's appeal, without prejudice to his right to file a new appeal once the PCRA court enters a final order ruling on his petition.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/19