J-A21004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN H. NORMAN, SR. | : | |
| | : | |
| | : | No. 2214 EDA 2017 |
| APPEAL OF: GWENDOLYN NORMAN | : | |
| HARMON | : | |

Appeal from the Orders Entered May 22, 2017 and June 1, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  August Term, 2009 No. 00813

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 11, 2019**

Gwendolyn Norman Harmon appeals from the May 22, 2017 and June 1, 2017 orders that, in part, denied her motion to intervene in a mortgage foreclosure action between CitiMortgage, Inc. and John H. Norman, Sr. After careful review, we quash Harmon's appeal.

The relevant facts and procedural history of this case are as follows. On August 10, 2009, CitiMortgage, Inc. ("CitiMortgage") filed an action in mortgage foreclosure against Norman. Through its complaint, CitiMortgage alleged Norman took out a mortgage on a property located at 6727 Egret Place in Philadelphia, Pennsylvania (the "Property") on August 21, 2007. Norman made nine monthly payments on the mortgage, and then failed to make any further payments. On November 14, 2016, following a bench trial, the trial

court entered judgment in favor of CitiMortgage. A panel of this Court affirmed the trial court's decision and our Supreme Court denied *allocatur*.

The Property was sold at a sheriff's sale on March 7, 2017. Subsequently, Harmon, Norman's adult daughter, filed a petition to intervene in the underlying mortgage foreclosure action, a motion to set aside the sheriff's sale of the Property, and a motion to join indispensable parties to her motion to set aside. On May 22, 2017, following a hearing on the petition to intervene, the trial court denied Harmon's petition and motion to set aside. Additionally, on June 1, 2017, the trial court denied, as moot, Harmon's motion to join indispensable parties to her motion to set aside. This appeal follows.[1]

Preliminarily, we must determine whether we have jurisdiction to entertain Harmon's appeal. "In order for this Court to have jurisdiction, an appeal must be from an appealable order." ***Commonwealth v. Mitchell***, 72 A.3d 715, 717 (Pa. Super. 2013) (citation omitted). "The Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) delineate appealable orders as final orders (Pa. R.A.P. 341); interlocutory orders as of right (Pa.R.A.P. 311); interlocutory orders by permission (Pa.R.A.P. 312); and collateral orders (Pa.R.A.P. 313)." ***Id***. (citation omitted).

___

[1] Both CitiMortgage and the trial court contend that this appeal should be quashed as untimely. ***See*** Appellee's Brief, at 19-21; Trial Court Opinion, 4/12/16, at 3. We did not reach this argument as we quashed Harmon's appeal on an alternative basis.

Here, Harmon purports to appeal from two separate orders, denying three motions. However, Harmon did not have standing to file *any* motions in this matter unless the court granted the petition to intervene. ***See*** Pa.R.C.P. 2330 (providing that after the entry of the order allowing intervention, the intervenor shall be treated as a party to the action); ***see also Newberg v. Board of Public Education***, 478 A.2d 1352, 1354 (Pa. Super. 1984) ("Accordingly, an appeal by one who was not a party to a proceeding in the trial court must be quashed").Therefore, our ability to review the denial of the motion to set aside and the June 1, 2017 order denying the motion to join indispensable parties to the motion to set aside is contingent upon our ability to review the May 22, 2017 order denying the petition to intervene.

> Generally, an appellate court only has jurisdiction to review final orders. ***See*** Pa.R.A.P. 341 (providing that "an appeal may be taken as of right from any final order"). As the official note to Pa.R.A.P. 341 explains, "an order denying a party the right to intervene" is no longer considered an appealable final order but, in appropriate cases, **may** "fall under Pa.R.A.P. 312 (Interlocutory Appeals by Permission) or Pa.RA.P. 313 (Collateral Orders)." ***Id***., note (emphasis added).

***Mortgage Electronic Registration Systems, Inc. v. Malehorn***, 16 A.3d 1138, 1141 (Pa. Super. 2011).

Harmon did not seek the trial court's permission to appeal pursuant to Pa.R.A.P. 312. Therefore, unless the May 22, 2017 denying his petition can be classified as a collateral order pursuant to Pa.R.A.P. 313, we are without jurisdiction to entertain the instant appeal.

The Pennsylvania Rules of Appellate Procedure set forth three conditions that must be present for an order to be defined as collateral. Specifically, the order must be (1) "separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review [3] and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). In order "[t]o benefit from the collateral order doctrine, an order must satisfy all three elements." **Radakovich v. Radakovich**, 846 A.2d 709, 714 (Pa. Super. 2004) (citation omitted).

Here, Harmon has failed to establish the third element. Final judgment was entered in underlying mortgage foreclosure action four months before Harmon filed her petition to intervene. Harmon does not stand to lose anything if judgment is entered because judgment *has* already been entered.[2] The May 22, 2017 order cannot be classified as a collateral order. As such, the order in question is interlocutory, and we cannot address this claim, or Harmon's additional claims, of trial court error. **See Malehorn**, 16 A.3d at 1141.

Appeal quashed.

Judge Olson and Judge McLaughlin concur in the result.

_____

[2] Indeed, this fact is fatal to Harmon's attempt to intervene. **See Financial Freedom, SFC v. Cooper**, 21 A.3d 1229 (Pa. Super. 2011) (holding that the Rules of Civil Procedure do not permit intervention after a matter has been finally resolved).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/19