**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT W. HAMILTON | : | No. 290 WDA 2020 |

Appeal from the Order Entered February 14, 2020
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000498-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT W. HAMILTON | : | No. 291 WDA 2020 |

Appeal from the Order Entered February 18, 2020
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000498-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT W. HAMILTON | : | No. 292 WDA 2020 |

Appeal from the Order Entered February 14, 2020
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000498-2019

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 22, 2021**

In this consolidated appeal, the Commonwealth appeals from two pretrial Orders:  a discovery Order and an Order denying without prejudice the Commonwealth's Motion for Tender Years Hearsay Act Hearing ("Tender Years Motion").[1]  Upon review, we dismiss this appeal

**FACTUAL AND PROCEDURAL HISTORY**

On September 27, 2019, the Commonwealth charged Robert W. Hamilton ("Defendant") with numerous sexually-based offenses against three minor children after the children disclosed the alleged sexual abuse and participated in recorded forensic interviews.

The Commonwealth filed a Tender Years Motion on January 3, 2020, and an amended Motion on January 22, 2020, requesting to present evidence of the children's out-of-court disclosures and statements regarding the incidents that led to Defendant's charges.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth appeals from both the Order denying the Motion to Compel Discovery and the Order denying their Motion for Reconsideration. An appeal does not  properly lie from  an order denying reconsideration;  the appeal must be from the order granting or denying relief in the first instance. **_Commonwealth v. Moir_**, 766 A.2d 1253, 1254 (Pa. Super. 2000). An order denying a motion for reconsideration is  not appealable.   **_Oliver v. Irvello_**, 165 A.3d 981, 983 n.1 (Pa. Super. 2017).

The trial court scheduled a hearing for February 14, 2020. On February 11, 2020, Defendant filed a Motion to Compel Discovery and requested to view six sentences that the Commonwealth had redacted from Defendant's police report. The Commonwealth filed an Answer, asserting that the redacted information was privileged work product. The trial court scheduled a hearing for February 13, 2020. After viewing the unredacted police report in chambers, the trial court granted Defendant's Motion to Compel and ordered the Commonwealth to provide the unredacted documents to Defendant.[2] On February 14, 2020, the Commonwealth filed a Motion for Reconsideration, which the trial court denied on the same day.

On February 14, 2020, at the start of the hearing on the Tender Years Motion and after the court denied the Motion for Reconsideration, the Commonwealth complied with the trial court's discovery Order and handed copies of the unredacted police report to Defendant on the record in open court. After a hearing, the trial court denied the Tender Years Motion without prejudice.

The Commonwealth timely appealed both pretrial decisions. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

**ISSUES RAISED ON APPEAL**

The Commonwealth raises the following issues on appeal:

---

[2] This Order is dated February 13, 2020, but the trial court did not docket this Order until February 14, 2020.

1. Whether the trial court erred in granting the defense Motion to Compel Discovery and ordered the Commonwealth to provide the materials without first requiring [D]efendant to show and the court finding that the materials are discoverable; are material to the preparation of the defense and is reasonable; or material to the guilt or punishment of [D]efendant as required by Rule 579 and/or Brady.

2. Whether the honorable court erred in ordering the Commonwealth to provide the unredacted pages to the defense.

3. Whether the honorable court erred in failing to allow the Commonwealth adequate time to argue its Motion for Reconsideration and in denying the Motion.

4. Whether the honorable court committed an error of law in failing to admit relevant Commonwealth evidence at the Tender Years hearing.

5. Whether the honorable court erred in its interpretation of the statute and finding that it "could never (rule on or grant) a Tender Years Motion" prior to trial.

6. Whether the trial court erred in failing to rule on the spontaneity, consistency, and other factors to determine the reliability of the statements.

7. Whether the trial court erred in failing to rule on whether the statements – or which statements – are testimonial or nontestimonial in nature – and, therefore whether admissible.

8. Whether the trial court erred in failing to rule on whether the statements would be admissible as long as the children testified and/or whether admissible under a different rule.

Commonwealth's Br. at 9-10 (some capitalization omitted).

**LEGAL ANALYSIS**

As an initial matter, this Court must determine whether we have jurisdiction to entertain this pretrial appeal. "In order for this Court to have jurisdiction, an appeal must be from an appealable order." ***Commonwealth***

*v. Mitchell*, 72 A.3d 715, 717 (Pa. Super. 2013). Our Rules of Appellate Procedure define appealable orders as final orders, interlocutory orders as of right, interlocutory orders by permission, and collateral orders. *Id*. (citing Pa.R.A.P. 341; 311-313).

**Tender Years Order**

The Commonwealth asserts that this Court has jurisdiction to review the Order denying the Tender Years Motion without prejudice as an interlocutory order as of right pursuant to Pa.R.A.P. 311(d), and certified the same in its Notice of Appeal. Commonwealth Br. at 1-3; Notice of Appeal, 2/24/20.

Rule 311(d) provides that "the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d). "Accordingly, when an order terminates or has the practical effect of terminating some or all of the Commonwealth's case, or substantially handicaps the Commonwealth's case, and the Commonwealth has certified the same in good faith, the Commonwealth is entitled to an interlocutory appeal as of right under Rule 311(d)." *Commonwealth v. White*, 910 A.2d 648, 655 (Pa. 2006).

Generally, the Commonwealth's good faith certification provides an absolute right to appeal and the Commonwealth is not required to demonstrate the need for any excluded evidence. *Commonwealth v. Brister*, 16 A.3d 530, 534 (Pa. Super. 2011). Indeed, this Court has

repeatedly held that when the Commonwealth appeals the suppression of evidence, this Court is not permitted to "inquire into the Commonwealth's good[]faith certification" about whether the excluded evidence terminates or substantially handicaps the prosecution. ***Commonwealth v. Moser***, 999 A.2d 602, 605 n.2 (Pa. Super. 2010). "When a pretrial motion removes evidence from the Commonwealth's case, only the prosecutor can judge whether that evidence substantially handicaps his ability to prove every essential element of his case." ***Commonwealth v. Cosnek***, 836 A.2d 871, 875 (Pa. 2003).

Where the pretrial Order in question does not involve permanently excluding the admission of certain evidence from the Commonwealth's case, this Court need not accept the Commonwealth's good faith certification. ***See, e.g., Commonwealth v. Woodard***, 136 A.3d 1003, 1007 (Pa. Super. 2016) (rejecting blind acceptance of Commonwealth's good faith certification involving interlocutory appeal of order denying joinder because the Commonwealth had an alternate remedy and was free to seek conviction in three separate trials); ***Commonwealth v. Wright***, 99 A.3d 565, 568 n.1 (Pa. Super. 2014) (observing that "[w]hile the Commonwealth's good faith certification under Rule 311(d) is entitled to some deference, this Court need not accept its good faith certification in every case.").

Here, the trial court denied the Commonwealth's Tender Years Motion **without prejudice**, providing the Commonwealth the opportunity to re-file

the Motion prior to trial. In its Pa.R.A.P. 1925(a) Opinion, the trial court explained:

> Since the court dismissed the Commonwealth's Motion[] "without prejudice," instead [of] filing this appeal the Commonwealth could have simply renewed their Motion. Therefore, it is perplexing that the Commonwealth filed a certification with the Superior Court that "the above referenced Ruling at issue terminates or substantially handicaps the prosecution."

Trial Ct. Op., filed 6/22/20, at 1. We agree. Despite the Commonwealth's certification to the contrary, because the court issued the Order without prejudice, thereby allowing the Commonwealth to re-file its request further into the proceeding, the Order does not have the practical effect of terminating or substantially handicapping the prosecution. Accordingly, from a procedural standpoint, the Order is not appealable as of right under Rule 311(d) and we, thus, lack jurisdiction to entertain this appeal.

**Discovery Order**

The Commonwealth likewise avers that we have jurisdiction to review the Order granting the Motion to Compel, and argues that it is a collateral order. Commonwealth Br. at 1-3; Notice of Appeal, 2/24/20.

A collateral order is "one that (1) is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question, which is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." *Commonwealth v. Minich*, 4 A.3d 1063, 1067 (Pa. Super. 2010). *See also* Pa.R.A.P. 313(b). All three prongs of the collateral order test must be satisfied

in order for an appellate court to have jurisdiction over the appeal. ***Commonwealth v. Harris****,* 32 A.3d 243, 248 (Pa. 2011).

"Generally, discovery orders are deemed interlocutory and not immediately appealable, because they do not dispose of the litigation." ***McIlmail v. Archdiocese of Phila.****,* 189 A.3d 1100, 1104 (Pa. Super. 2018). However, discovery orders requiring disclosure of putatively privileged materials are appealable under Rule 313 where the issue of privilege is separable from the underlying issue because "if immediate appellate review is not granted, the disclosure of documents cannot be undone and subsequent appellate review would be rendered moot." ***Id***. "[T]here is no question that if the documents which have been disclosed to [a party] are in turn disseminated by [the party]'s attorney to other individuals and entities, appellate review of the issue will be moot because such dissemination cannot be undone." ***Dibble v. Penn State Geisinger Clinic, Inc.****,* 806 A.2d 866, 870 (Pa. Super. 2002). In other words, "[o]nce putatively privileged material is in the open, the bell has been rung, and cannot be unrung[.]" ***Harris****,* 32 A.3d at 249. Accordingly, orders overruling putative claims of privilege and requiring disclosure are immediately appealable under Pa.R.A.P. 313 to allow for "immediate correction by an appellate court." ***Id.*** at 250-51.

Instantly, the Order granting Defendant's Motion to Compel is a discovery order requiring the disclosure of putatively privileged information, which is appealable under Rule 313 as a collateral order. However, in this case, the Commonwealth has already provided the unredacted documents to

Defendant. The Commonwealth provided the putatively privileged documents to Defendant **prior** to filing a Notice of Appeal, and the timing rendered this appeal moot because such dissemination cannot be undone. There is nothing for this court to correct. "This Court may not provide advisory opinions to address issues that may arise in future cases." **Commonwealth v. Enix**, 192 A.3d 78, 84 n. 5 (Pa. Super. 2018). Accordingly, while the discovery Order is appealable as a collateral order, appellate review is rendered moot because the Commonwealth already disseminated the putatively privileged documents.[3]

**CONCLUSION**

In sum, we are without jurisdiction to review the Tender Years Order, and appellate review of the discovery Order is moot. Accordingly, we are constrained to dismiss this appeal.[4]

Appeal dismissed.

---

[3] As appellate review of the discovery Order is moot, we decline to address whether the putatively privileged redacted content did, in fact, qualify as privileged.

[4] In light of our disposition, we decline to address the merits of the Commonwealth's issues on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/22/2021